207 P.2d 547

MUNROE v. SULLIVAN MINING CO.
No. 7487.

Supreme Court of Idaho.
June 18, 1949.

Chas. E. Horning, Wallace, Sennett S. Taylor, Mullan, for respondent.

Walter M. Oros, Boise, E. B. Smith, Boise, Frank L. Benson, Creston, Montana, for appellant.

GIVENS, Justice.

Appellant filed a claim for compensation for disability by an occupational disease, silicosis, and since it involved medical questions relative thereto, a medical panel was ostensibly selected by the Board with reference thereto, under Section 72-1231, I.C., and ultimately an award was made.

The appeal presents numerous errors, the determination of one sufficing to dispose of this case for the present.

Section 72-1227, I.C., provides the Governor shall appoint from recommended eligibles a silicosis panel of six physicians, four of whom shall have had at least five years experience in silicosis and two in ro-

entgenology. As needed, the Board shall select three of these for a medical panel.

The Board herein selected two from such silicosis panel of six; the third, though formerly a member, was not then one of the six appointed by the Governor for the pertinent period.

The functions of a grand jury are similar to those of the medical panel. Though the findings of the latter are more binding, therefore, there should be at least as much compliance with the statute with regard thereto. Those serving on a grand jury must be properly selected, State v. Roberts, 33 Idaho 30, 188 P. 895, and on a parity of reasoning, if the medical panel is not selected in accordance with the statute, it would not be a legal body—hence its decision, though unanimous, a nullity.

The terms of the statute are controlling, Kindall v. McBirney, 52 Idaho 65, 11 P.2d 370; Chmielewska v. Butte & Superior Mining Co., 81 Mont. 36, 261 P. 616; Davis v. Industrial Accident Board, 92 Mont. 503, 15 P.2d 919, at page 921; State ex rel. Magelo v. Industrial Accident Board, 102 Mont. 455; 59 P.2d 785, at page 789, and in mandatory terms, "shall," Miller v. Brinkman, 48 Idaho 232, at page 235, 281 P. 372; Kivett v. Crouch, 61 Idaho 536, 104 P.2d 21, require the medical panel be drawn from the silicosis panel. This was not done. No properly constituted medical panel having considered appellant's case, the award cannot stand. Section 72-1231, I.C.

The cause is, therefore, remanded for the Board to refer the claim to a valid panel and proceed accordingly.

Costs awarded to appellant.

HOLDEN, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.