521 P.2d 661

Dallas GOFF, Plaintiff-Appellant,

v.

H.J.H. CO., a corporation, Defendant-Respondent.

No. 11132.

Supreme Court of Idaho.

April 18, 1974.

Lary C. Walker, Walker & Sanders, Weiser, for plaintiff-appellant.

W. *Anthony Park,* Atty. Gen., Wayne V. Meuleman, Deputy Atty. Gen., Boise, amicus curiae.

Harold L. Ryan, Ryan & Sweet, Weiser, for defendant-appellee.

DONALDSON, Justice.

The Court is asked to decide whether I. C. § 45–615(4) requires that treble damages be awarded to any successful plaintiff in a suit for wages wrongfully withheld, even without a showing that the person who withheld the wages acted with malice, wantonness, fraud or oppression. For reasons that will be discussed, we have concluded that treble damages must be awarded whenever it is proved that wages have been wrongfully withheld.

Dallas Goff, plaintiff-appellant, was employed as a sales representative by the defendant-respondent H. J. H. Co., a farm implement dealership in Weiser, Idaho. He was paid a monthly salary of $450.00, plus a year end bonus of one third of one percent of his sales of both new and used machinery. The bonuses paid in 1967 and 1968 were $2,000.00 and $2,400.00 respectively. In 1969, respondent also paid appellant a bonus of $2,400.00 and in 1970 paid a bonus of $2,000.00. Appellant claimed that additional bonus money was due and owing to him for those last two years in as much as his gross sales had increased. Appellant claimed that the value of trade-ins taken in on sales was not to be

deducted in computing the bonus. Respondent, in denying appellant's claim, reasoned that in arriving at the gross sales figure used in computing the bonus, the value of trade-ins was to be deducted from the sales made. The difference in value between the machinery sold and the machinery accepted as trade-ins was the figure used in computing the commission.

After respondent denied his claim, appellant filed suit in the Third Judicial District Court alleging that respondent owed him additional bonuses for the years 1969 and 1970. His claim for 1969 was dismissed as barred by the six month statute of limitations found in I.C. § 45–608. Respondent thereafter amended his complaint alleging an oral agreement to pay the remainder of the 1969 bonus when the 1970 bonus was payable. A trial was held and the jury returned a verdict in favor of the plaintiff awarding him $965.00 for the year 1970. They did not make any award for the year 1969 and appellant has not appealed that decision.

The question was then presented to the district court, sitting without a jury, of whether treble damages should be awarded pursuant to I.C. § 45–615(4). The district court ruled that appellant was not entitled to treble damages because respondent was not shown to have acted with wantonness, wilfulness, fraud or oppression. From that order of the district court, appellant prosecutes this appeal.

Idaho Code § 45–615 [1] allows any employee who has a claim for unpaid wages

1. "45–615. Proceedings for collection of wages and damages—$450 limit.

 1. Claims filed with the commissioner of labor as set forth in this chapter are limited to four hundred fifty dollars ($450) for each employee.

 2. Any proceeding by one (1) or more employees to assert any claim arising under or pursuant to this act may be brought in any court of competent jurisdiction, either as individual, class or representative suits.

 3. Whenever the commissioner determines that one (1) or more employees have claims for unpaid wages he may, upon the written request of the employee, take an assignment of the claim or claims in trust for such

employee or employees, and may maintain any proceeding appropriate to enforce the claim or claims, including additional fixed damages pursuant to this act. With the written consent of the assignor, the commissioner may settle or adjust any claim assigned pursuant to this subsection.

 4. Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the commissioner in his behalf, shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing."

to bring suit in his own behalf in any court of competent jurisdiction. If the claim is for under $450.00, the employee may assign the claim to the commissioner of labor who will bring the suit in a representative capacity on behalf of the employee. If more than one employee has a claim, class actions may be brought either by the commissioner or by the employees.

Subsection 4 of I.C. § 45–615 states that if the employee is successful in his suit, or the commissioner if he brought it in behalf of the employee, there shall be awarded to the employee or commissioner all reasonable costs of suit and damages in the amount of three times the amount of wages found due and owing.

"4. Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the commissioner in his behalf, *shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.*" (emphasis ours.) I.C. § 45–615(4).

Respondent argues that the district court was correct in concluding that under this act, malice, wantonness, or fraud must be shown before treble damages will be awarded because statutes providing for treble damages are penal in nature and should not be applied to honest business disputes, such as this case. Respondent relies on Pearson v. Harper, 87 Idaho 245, 392 P.2d 687 (1964), in which this Court held that treble damages should not be awarded in an action for waste without a showing that the actions of the wrongdoer were wanton, malicious, or gross and outrageous. However, in that case, the treble damages were authorized by I.C. § 6–201, which read in part: "any person aggrieved by the waste may bring an action against him therefor, *in which there may be judgment for treble damages.*" (emphasis ours.) Respondent also relies on Knight v. Fox Caldwell Theatres Corp., 70 Idaho 148, 212 P.2d 1027 (1950), in which it was held that treble damages should not be awarded in an action for unlawful detainer without malice or wantonness being first shown. Involved in that case were two code sections. Idaho Code § 6–316 states that treble damages *shall* be awarded and I.C. § 6–317 states that they *may* be awarded. Both cases relied on by respondent dealt with injuries to an interest in real property. They both involved statutes which stated that treble damages *may* be awarded. This case, however, involves withheld wages and a statute that states that treble damages *shall* be awarded. Therefore the holdings of those cases, that statutes involving treble damages are penal in nature and that treble damages should be awarded only upon a showing of malice, wantonness, or fraud, are not controlling here.

The statute in question in this case, I.C. § 45–615(4), states that treble damages *shall* be awarded. The word *shall*, when used in a statute, is mandatory. Munroe v. Sullivan Mining Co., 69 Idaho 348, 207 P. 2d 547 (1949); Pierce v. Vialpando, 78 Idaho 274, 301 P.2d 1099 (1956).

Furthermore, legislative intent and public policy support this requirement that treble damages be allowed where unpaid wages are due and owing. The legislature has logically distinguished between injuries to an interest in real property and withheld wages, making the awarding of treble damages discretionary in one case and mandatory in another. The average wage earner depends greatly on the regular receipt of earned wages. If unpaid, serious economic injury may result to the wage earner. The legislature also has recognized that the wage earner would not be fully compensated if he were allowed merely to recover his withheld wages because of the costs of attorney's fees and suit. Although attorney's fees are authorized by statute, they can not be awarded unless the wage earner recovers all that he claims. Therefore, in many cases there is a need for additional compensation. Thus, although the award of treble damages does tend to penalize the employer, it also serves to fully compensate

the wage earning employee for the injury caused him by the delay he experiences in recovering his withheld wages in a court of law and the expenses connected with the recovery.

Here the jury found that respondent had wrongfully withheld part of appellant's year end commission which was computed on gross sales. Idaho Code § 45–609(3) defines wages to include commissions.

" 'Wages' means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece or commission basis."

Because I.C. § 45–615(4) requires that treble damages be awarded whenever unpaid wages are found to be due and owing, the district court erred in not awarding treble damages. The judgment of the district court is therefore reversed and remanded with directions to enter judgment in favor of the plaintiff in the amount of $2,895.00, which is three times the amount of wages the jury found to be due and owing, plus costs of suit. Costs to appellant.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.