560 P.2d 497

Mike LAWLESS, Plaintiff-Appellant,

v.

John DAVIS and Elbert Hendren, dba Davis and Hendren Logging, Defendant-Respondent.

No. 12287.

Supreme Court of Idaho.

Feb. 18, 1977.

176

Wm. H. Foster, Grangeville, for plaintiff-appellant.

Henry R. Boomer, Kamiah, for defendant-respondent.

DONALDSON, Justice.

This case involves the interrelation of two provisions in Idaho's Claims for Wages Statute. Appellant Mike Lawless was employed by respondent Davis & Hendren Logging. At the time of the termination of Lawless' employment, Davis & Hendren owed Lawless $540 in back wages. Lawless filed suit in district court to collect his back wages and at trial the district court found that Davis & Hendren failed to pay Lawless after he had requested payment. The district court found further that Davis & Hen-

dren did not tender payment until after Lawless brought suit seeking recovery under I.C. § 45–606 and I.C. § 45–615(4) at which time tender was made to the court.

Idaho Code § 45–606 in relevant part reads as follows:

"Whenever any employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them * * * each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor: provided, however, he shall cease to draw such wages or salary thirty days after such default."

Idaho Code § 45–615(4) reads:

"Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the director in his behalf, shall be entitled to recover from the defendant as damages, three (3) times the amount of unpaid wages found due and owing."

Pursuant to I.C. § 45–615(4), the district court awarded Lawless the $540 that was owed to him at the termination of his employment and trebled that amount in accordance with the terms of the statute. However, the court denied Lawless' right to recover also under I.C. § 45–606 and to treble that recovery under I.C. § 45–615(4). Lawless appeals, maintaining that it was error for the district court to deny recovery under I.C. § 45–606. Lawless also contends that any recovery under I.C. § 45–606 should be trebled under I.C. § 45–615(4). The validity of the district court's order awarding appellant the $540 outstanding wages and trebling the same is not challenged.

There is no case authority addressed to the issues Lawless raises on appeal. The Court will therefore have to be guided by general principles of statutory construction and a common sense appraisal of what the legislature intended. Viewing the Claims

for Wages Statute as a whole we conclude that the legislature intended I.C. § 45–606 and § 45–615(4) to be mutually exclusive. They are alternative remedies. A plaintiff can sue for his back wages along with thirty days additional wages under I.C. § 45–606. If he files suit under I.C. § 45–606, however, he must forego treble damages. In the alternative, he can bring suit under I.C. § 45–615(4) for a treble recovery on his back wages. But he cannot avail himself of both remedies.

The legislature did not clearly indicate that I.C. § 45–606 and § 45–615(4) were intended as alternative remedies. The statutory provisions are silent as to whether the remedies should be cumulative or mutually exclusive. But a reasonable construction of the Claims for Wages Statute militates against applying them cumulatively.

Idaho Code § 45–606 was originally enacted in 1911 as part of Idaho's Claims for Wages Statute. It penalizes an employer who discharges an employee without paying him his back wages. In addition to his back wages, the section allows the employee to collect without working, the amount of his daily wage for each day that his employer allows to pass without settling the outstanding wage claim. The section allows a maximum recovery of thirty days additional wages.

Idaho Code § 45–615(4) was enacted in 1967. The compiler's note to I.C. § 45–609 states that I.C. §§ 45–609—45–615 were intended to amend Idaho's Claims for Wages Statute. As originally enacted, the Idaho Claims for Wages Statute had two deficiencies. First, the burden of filing suit was on the employee. Even given the fact that an additional recovery of thirty days wages was possible under the statute, placing the litigative burden on the employee made the statute less effective. Second, if the outstanding wages were of a substantial amount the threat of the employee filing suit to extract an additional thirty days wages from the employer often would not be sufficient to induce the employer to settle his account amicably. The amendments rectified these defects.

As amended, the Idaho Claims for Wages Statute provided a comprehensive recovery scheme. First, by authorizing the prosecution of claims by the Department of Labor, the amendments made the enforcement of the statute more likely. And second, as we interpret the statute, the legislature provided an aggrieved employee with alternative remedies to meet the circumstances of his particular case. Which statutory provision will better serve the employee will depend upon the amount of the outstanding wages. If the amount of outstanding wages is nominal, the employee will be better served by seeking recovery under I.C. § 45–606. In addition to the amount of outstanding wages, he could receive up to a maximum of thirty days additional wages. If the amount of outstanding wages is larger, however, it will behoove the employee to seek a treble recovery under I.C. § 45–615(4).

The construction urged by Lawless, that the remedies can be used cumulatively, would impose extreme results. As the trial judge pointed out in his memorandum opinion, applying the two statutes together would give Lawless a recovery equivalent to fourteen times the amount of his withheld wages. It is an elementary principle of statutory construction that the consequences of a proposed interpretation of a statute can be considered when the statute is capable of more than one construction. When choosing between alternative constructions, courts should presume that a statute was not enacted to work a hardship or to effect an oppressive result. Constructions that would render the statute productive of unnecessarily harsh consequences are to be avoided. Accordingly, any ambiguity in a statute should be resolved in favor of a reasonable operation of the law. 73 Am.Jur.2d Statutes § 258.

Individually, I.C. § 45–606 and I.C. § 45–615(4) are unambiguous. Lawless argues that statutory consequences should therefore not be considered in construing the statutes. Appellant's theory, however, ignores the fact that provisions introduced by an amendatory act must be read in uni-

son with the provisions of the original act that were left unaffected by the amendments. 73 Am.Jur.2d Statutes § 343. An obvious ambiguity appears when I.C. § 45–606 and I.C. § 45–615(4) are considered together. The legislature has not indicated whether it intended the remedies to be available cumulatively or alternatively. We therefore are at liberty to consider the practical consequences of both interpretations. And in so considering those consequences, we conclude that the legislature must have intended that the remedies be alternative. Construing I.C. § 45–606 and § 45–615(4) as applying alternatively effectuates the underlying legislative intention of encouraging employers to settle their accounts with discharged employees, but does not lead to windfall recoveries by aggrieved employees.

Affirmed. Costs to respondents.

McFADDEN, C. J., and SHEPARD, J., concur.

BISTLINE, Justice, concurring in the result.

The majority opinion is well-reasoned, but I am unable to reach the same final conclusion that "the legislature must have intended that the remedies be alternative." I am in accord with the trial judge wherein he noted that this Court in *Goff* had held that the additional fixed damages of I.C. § 45–615 were mandatory, but entertained his own view that to additionally impose the I.C. § 45–606 penalty was allowable, but not mandatory. He stated:

"The court does not believe, given all the circumstances *of this case*, that justice requires imposition of both the 45–606 penalty and the 45–615 treble damages." (My emphasis.)

His view that he had discretion in the matter is the correct one, absent, as the majority notes, any clear indication from the legislature that the two provisions "were intended as alternative remedies." I would leave the statutes as we find them, and accept the trial court's view, and hold here that there was no abuse in his exercise of discretion.

In a thorough Memorandum Decision the trial court laid out a history of the dispute here which showed some ambiguity as to whether Lawless was discharged, or quit. The court found, however, that Lawless had made a valid demand for his wages, which were not forthcoming until he brought suit, following which the back wages due him of $453.33 were tendered into court. This payment was made nine days after suit was commenced. The trial court noted that Lawless, whether he quit or was discharged, having made demand, was in either event entitled to immediate payment. The statute so provides:

"45–606. *Discharge of laborer without payment of wages—Penalty.*—Whenever any employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary due them, in cash, lawful money of the United States, or its equivalent, *or shall fail or refuse on demand to pay them* in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, . . ." (Emphasis added.)

In exercising discretion in the matter, the trial court undoubtedly noted the mix-up between the parties and the relative alacrity with which payment was made after suit was filed. Had it been a clear-cut case of the employer discharging without paying, there is an inference to be drawn that the trial court might have also assessed the penalty of I.C. § 45–606.

The holding of the majority will preclude a trial court, or jury, from giving complete relief under both statutory provisions, and this I do not think this Court should do on mere surmise as to what the Court feels the legislature had in mind in 1967 in passing into law what is now I.C. §§ 45–609 through 45–615. What history of the legislation we have available shows that it was introduced in the Senate, and had the approval of the Committee for Industry, Labor, and Economic Development, suggesting to my mind that the legislature full well

realized that it supplemented the previous statutory provisions.

While Lawless here chose to proceed on his own behalf, as is certainly permissible, the legislature also saw the need for helping unpaid laborers with the public office of the Department of Labor. Under provisions of the act the Department is authorized to investigate claims up to the amount of $450.00, and this investigation includes the holding of hearings and taking of testimony. While the Department cannot enter judgment based on its conclusions and decisions, it is then authorized to take an assignment of the wage claim, and bring suit thereon. As I read the act, with regard to claims over $450.00, the Department, while it cannot go through the investigatory decision-making process, can take assignments and pursue claims for the unpaid laborer.

Therefore, to my mind it is of significance that the Department, which very well may have sponsored the 1967 amendment, entertains the same conclusion regarding application of I.C. § 45–606 and § 45–615 as was reached by the trial court in this case. In Rules and Regulations promulgated by the Department of Labor and Industrial Services under the authority of I.C. § 45–613(1), Chapter 2 thereof, § 07–80–204, reads as follows:

> "07–80–204. Assessment of Penalties.— When it has been determined that an employer has failed to pay wages due and owing to an employee and that said employer has failed to pay such wages immediately upon discharge or layoff, both the treble damage penalty provided in Section 45–615(4), Idaho Code, for failure to pay wages due and owing and the penalty for failure to pay wages immediately upon termination, contained in Section 45–606, Idaho Code, *may be* imposed by the department. The penalty imposed against an employer under Section 45–606, Idaho Code, shall not be trebled as unpaid wages pursuant to Section 45–615(4), Idaho Code, but shall be added to the wages due and owing and treble damages awarded pursuant to Section 45–615(4), Idaho Code. The department is authorized to enforce these penalty and damage provisions in a court of competent jurisdiction." (My emphasis.)

In addition to emphasizing the word "may", I call attention to the fact the Department in its Rules and Regulations has drawn a distinction between failing to pay after demand, and discharging without paying. In case of discharging without paying, I.C. § 45–606, as I see it, tells an employer that he can not terminate without paying— if he attempts to do so, the worker continues on the payroll until he is paid, up until 30 days. It should not be overlooked that back of all this is the proposition of the duty to mitigate damages. A worker who is so discharged without pay should not be entitled to draw the 30 days of pay where during that same 30 days he has obtained other employment. In this situation the fixed damages of I.C. § 45–615 are always there to help serve as an additional inducement to the employers.

The Court should reach a decision which is in harmony with the provisions which the Department of Labor has enacted thinking itself to be looking out for the welfare of the laboring man. At all times it should be kept in mind that if these penalties are thought to be stiff, the option is with the employer who owes the wages. If the employer has fallen onto hard times, and can not pay, fourteen times, or four hundred times, the wage is meaningless. But, to the working man, with his many fixed monthly obligations, the damage done him in not being paid what he has earned, is sometimes nothing short of disastrous.

The trial judge reached a sound determination. I see no reason for this Court to seek another resolution of the same problem, especially when doing so, admittedly on judicial surmise and conjecture, may be overturning specific remedial legislation which was enacted for the protection of the Idaho laboring man and his family.

BAKES, Justice, concurring in part and dissenting in part:

I agree with the majority that, with certain limitations, the remedies provided by

I.C. §§ 45–606 and 45–615(4) are alternative, and that this wage claimant was entitled to proceed under I.C. § 45–606 because he has a claim for unpaid wages following the termination of his employment. However, in view of the amount of the wage claim in this case, i. e., $540,[1] the remedy in I.C. § 45–615(4) was not available to appellant, and the Court has erred in sustaining the triple damages award.

I.C. § 45–606, together with I.C. §§ 45–605 and –607, set forth the rules for damages, attorney fees and liens for collection of damages in suits brought by an employee against his employer for collection of wages following termination of employment. These sections were all enacted by 1911.

In 1967 the legislature added I.C. §§ 45–609–613, –615,[2] to this chapter. These sections set forth rules concerning requirements for the regular payment of wages, the allowable lag between the end of a pay period and a payday, withholding of a portion of an employee's wages and the notification of the amounts of wages withheld; furthermore, the last of these sections provides that the director of the Department of Labor and Industrial Services may bring suit on behalf of certain wage claimants:

"45–615. *Proceedings for collection of wages and damages—$450 limit.—*1. Claims filed with the director of the department of labor and industrial services as set forth in this *chapter* are limited to four hundred fifty dollars ($450) for each employee.

"2. Any proceeding by one (1) or more employees to assert any claim arising under or pursuant to this act may be brought in any court of competent jurisdiction, either as individual, class or representative suits.

"3. Whenever the director determines that one (1) or more employees have claims for unpaid wages he may . . . maintain any proceeding appropriate to enforce the claim or claims, including additional fixed damages pursuant to this *act.* . . .

"4. Any judgment for the plaintiff in a proceeding pursuant to this *act* shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the director in his behalf, shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.

. . . "[3] (Emphasis added).

The only proceedings established by the 1967 act are those in which the director of the Department of Labor and Industrial Services represents a wage claimant. Subsection 1 of I.C. § 45–615 authorizes the director to represent wage claimants for any claim of $450 or less established by the "chapter". However, the damage provisions contained in subsections 3 and 4 of that section apply only to proceedings pursuant to "this act," i. e., the 1967 act which established the proceedings in which the claimant is represented by the director, not to all proceedings under ⸰the chapter. Therefore, in my opinion, the triple damage provision of I.C. § 45–615(4) is only available to a claimant who initiates a proceeding pursuant to the 1967 act, i. e., a proceeding in which the director represents the claimant. Wage claimants who do not proceed through the director with their claims are controlled by I.C. §§ 45–605–607.

This wage claimant was not entitled to triple damages under I.C. § 45–615 because he was not represented by the director.

1. The $540 figure is for wages due before withholding for income and FICA taxes; the claimant would only have been entitled to $453.33 after withholding of these taxes. The $540 figure is used in determining the penalty due, not the $453.33 amount that would be paid after withholding of taxes.

2. The original bill introduced also contained a section, 45–614, which provided that failure to comply with the act was a misdemeanor. When this section was eliminated, the remaining section was not renumbered, and in the final bill as approved, reference was still made in Sec. 6 to 45–614, which had been removed from the bill.

3. The section is quoted as it appears after 1971 and 1974 amendments.

Indeed, he was ineligible to be represented by the director because his wage claim, which was $540, exceeded the limit set forth in I.C. § 45–615(1). For that reason, his sole and exclusive remedy for collection of the entire unpaid wage claim was set forth in I.C. § 45–605–607. Under those sections, the plaintiff was entitled to his $540 wage claim, 30 days additional wages, together with attorney fees if the requisite demand provided in I.C. § 45–605 was made.

I am not unmindful of the fact that the recent decision of *Goff v. H. J. H. Co.,* 95 Idaho 837, 521 P.2d 661 (1974), held contrary to this conclusion. In that case the Court approved the trebling of a wage claim brought by the claimant himself in an amount in excess of the $450 which may be assigned to the commissioner of labor. However, the issue as raised by the parties in that case was not whether I.C. § 45–615 was applicable to the claim, but whether or not the penalty provided in I.C. § 45–615(4) was mandatory in all cases or only where there was a showing that the employer "acted with wantonness, wilfulness, fraud or oppression" as the district court had interpreted the statute. The question posed by the Court was as follows:

> "The Court is asked to decide whether I.C. § 45–615(4) requires that treble damages be awarded to any successful plaintiff in a suit for wages wrongfully withheld, even without a showing that the person who withheld the wages acted with malice, wantonness, fraud or oppression." 95 Idaho at 838, 521 P.2d at 662.

Without addressing the question of whether or not I.C. § 45–615(4) was even applicable at all to the wage claim in that case, and assuming that it was, we held that it was unnecessary to show that the employer acted "with wantonness, wilfulness, fraud or oppression" in order to collect treble damages under that section, but merely that the employer had withheld the wages. Now that the issue is directly before us in this case, we must decide what the legislature intended when it enacted chapter 436 of the 1967 Session Laws which added I.C. §§ 45–609–613 and 45–615, to chapter 6 of Title 45. Recognizing that those sections are no model of draftsmanship,[4] the most reasonable interpretation appears to me to be that set out above, i. e., that a wage claim which the wage claimant handles himself must be handled pursuant to I.C. § 45–605–608, and that the triple damages set out in § 45–615(4) are inapplicable. I would reverse and remand to the district court for a recomputation of appellant's wage claim under I.C. §§ 45–605–608.

If the majority of the Court is correct, however, and he can proceed under either one then I see no other conclusion than that the employee would be entitled to both the additional thirty days wages provided for in § 45–606, and the treble damages provided for in § 45–615(4).

---

4. The quality of the draftsmanship of chapter 436 of the 1967 Session Laws is further exemplified by the fact that throughout the act both in the title and the body it refers to the amendment of "chapter 6 of title 44, Idaho Code, . . . by adding a new section thereto, following section 45–608, to be known and designated as section 45–609. . . . " Apparently no one noticed that the title to the act proposed to amend Title 44, while the body of the bill proceeded to amend Title 45, something which Art. 3, § 16, of the Constitution prohibits. Legislation which has obviously had so little attention to technical drafting requirements, can only at best confuse, and at worst frustrate the legislative intention. However, we must take it as we find it, hoping to make a reasonable interpretation of these divergent provisions, recognizing that, "You can never make a silken Purse of a Sow's Ear." Dykes, English Proverbs (1709), p. 117.