The suit out of which this appeal arose began when plaintiff (John Tabor) filed a claim for damages against defendant (Clifton Hardy) in district court. Because the amount in controversy was less than $500, the matter was treated as a small claims action. Following a hearing at which both parties to the suit presented evidence, the district judge rendered a judgment in favor of plaintiff for the sum of $400 and costs. Thereafter, defendant filed notice that he would appeal the judgment to the Madison County Circuit Court. Once defendant's appeal was perfected and the circuit court had obtained jurisdiction of the matter, plaintiff filed an amended complaint seeking damages in the amount of $560. On the date set for trial, defendant's attorney made a motion to the court requesting that his client's appeal he dismissed. The circuit court denied defendant's request. The case *Page 560 
was then tried before a jury and plaintiff was awarded a judgment for $560. Defendant subsequently filed this appeal claiming that the circuit court improperly denied his motion requesting dismissal of his appeal from the judgment of the district court. We find no merit to defendant's contention.
A district court shall exercise exclusive jurisdiction over all civil actions in which the amount in controversy does not exceed $500. § 12-12-31, Code of Alabama 1975. Any party may appeal from a final judgment of a district court in such matters. § 12-12-70, Code of Alabama 1975. And, with some exceptions, all appeals from final judgments of the district court are tried de novo in the circuit court. § 12-12-71, Code of Alabama 1975. Moreover, if a defendant appeals to the circuit court from a judgment rendered by the district court, the plaintiff is entitled to recover an amount in excess of the jurisdiction of the district court. Rule 13 (j), ARCP. In other words, once defendant perfects his appeal to the circuit court and the court obtains jurisdiction, plaintiff can increase the amount he is seeking as damages.
In the instant case plaintiff originally sought $469 as damages. This amount was less than the $500 jurisdictional limit of a small claims court. However, when defendant appealed the case to the circuit court, plaintiff was entitled to seek and obtain a recovery in excess of $500. Plaintiff was awarded $560 and we can find nothing which would compel the reversal of that judgment.
When defendant perfected his appeal the circuit court obtained jurisdiction of the matter. And once the court's jurisdiction was invoked it was necessary that plaintiff be allowed to pursue his claim for a new amount by means of a trial de novo. Consequently, the refusal of the circuit court to grant defendant's request that his appeal be dismissed had no bearing on the conduct of the trial of plaintiff's claim for the full amount of his damages. Had the circuit court granted defendant's motion to dismiss, plaintiff would nevertheless have been entitled to proceed on his complaint seeking damages in excess of those awarded him by the small claims court. Since the circuit court in the exercise of its discretion refused to dismiss defendant's appeal, the result was the same — that is, plaintiff was allowed to try his case in a de novo proceeding.
Our conclusion in this instance is in accordance with the purpose and rationale of Rule 13 (j). Indeed, the committee comments to Rule 13 (j) state:
 Rule 13 (j) provides that when a defendant appeals a case from a lower court to the circuit court and obtains a trial de novo, the plaintiff then could recover an amount in excess of the jurisdiction of the lower court. In many cases, in order to bring the case in one of the lower courts, a plaintiff will waive a portion of his claim for a quick and inexpensive trial. The defendant then appeals the case to the circuit court often for the purpose of delaying the collection of the judgment well knowing that there is a lid on the amount of the plaintiff's recovery. In such cases, the plaintiff will be entitled to claim and recover the full amount of his damages in the circuit court. Such a rule, no doubt, would prevent many cases from being appealed to the circuit court either for the purpose of delay only or for the purpose of securing a second trial knowing that he [defendant] has all to gain and nothing to lose by so doing. [Emphasis supplied.]
In the present case defendant chose to appeal from the judgment of the district court. In doing so he incurred the risk that plaintiff would recover damages in excess of that judgment by means of a trial de novo in the circuit court. As a result of the trial in circuit court, plaintiff received a larger judgment than he had been awarded in district court. Accordingly, we cannot now hold that defendant should be permitted to escape the adverse results of his own legal gambit. The jury verdict appealed from is therefore affirmed. *Page 561 
MOTION TO DISMISS APPEAL AND REQUEST FOR ATTORNEY'S FEE DENIED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.