591 P.2d 141

Gregg Ann RODWELL,
Plaintiff-Respondent,

v.

The SERENDIPITY, INC., of Boise,
Defendant-Appellant,

and

Don Gould, an individual, Defendant.

No. 12366.

Supreme Court of Idaho.

Feb. 27, 1979.

Kent B. Power, Boise, for defendant-appellant.

James G. Reid of Coulter & Reid, Boise, for plaintiff-respondent.

Before McFADDEN, DONALDSON, BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem.

PER CURIAM:

Defendant appellant The Serendipity, Inc., of Boise, a retail clothing store, appeals from a judgment awarding to plaintiff respondent Gregg Ann Rodwell three times the amount of wages found to be due her from Serendipity. Rodwell's wage claim stems from her employment as Serendipity's manager between October 31, 1974, and November 1, 1975. The trial court found that, under her contract with Serendipity, Rodwell was entitled to a yearly bonus computed as a percentage of Serendipity's gross sales for the year.[1] After offsetting Rodwell's account with Serendipity (for purchases she had made from the

---

1. The trial court concluded that the term "wages" included Rodwell's bonus. This con-

clusion is not challenged, and we therefore have no occasion to consider the matter.

store) against the contractual bonus, the court found that Serendipity owed Rodwell $3,863.14. The court awarded Rodwell three times that amount, or $11,589.42, based upon the treble damages provision found in I.C. § 45–615(4).

On appeal, Serendipity disputes the application of the treble damage provision of I.C. § 45–615(4) to this case. It argues that the provision applies only to actions prosecuted by the director of the Department of Labor and Industrial Services, acting in behalf of aggrieved wage claimants. Serendipity also contends that if wage claimants suing in their own behalf may recover treble damages under I.C. § 45–615(4), they may do so only with respect to claims of $450 or less. Finding both of these arguments without merit, we affirm.

Serendipity's arguments in this case have been implicitly rejected by this Court in two previous decisions. Both *Goff v. H.J.H. Co.*, 95 Idaho 837, 521 P.2d 661 (1974), and *Lawless v. Davis*, 98 Idaho 175, 560 P.2d 497 (1977), involved claims brought by employees on their own behalf for wages in excess of $450. This Court affirmed recovery of treble damages in both cases. In *Goff* we described the operation of I.C. § 45–615 as follows:

"Idaho Code 45–615 allows any employee who has a claim for unpaid wages to bring suit in his own behalf in any court of competent jurisdiction. If the claim is for under $450.00 the employee may assign the claim to the commissioner of labor who will bring the suit in a representative capacity on behalf of the employee. If more than one employee has a claim, class actions may be brought either by the commissioner or by the employees. "Subsection 4 of I.C. § 45–615 states that if the employee is successful in his suit, or the commissioner if he brought it in behalf of the employee, there shall be awarded to the employee or commissioner all reasonable costs of suit and damages in the amount of three times the amount of wages found due and owing." 95 Idaho at 838–39, 521 P.2d at 662–63.

The *Lawless* decision is likewise adverse to Serendipity's position here:

"As amended, the Idaho Claims for Wages Statute provided a comprehensive recovery scheme. First, by authorizing the prosecution of claims by the Department of Labor, the amendments made the enforcement of the statute more likely. And second, as we interpret the statute, the legislature provided an aggrieved employee with alternative remedies to meet the circumstances of his particular case. Which statutory provision will better serve the employee will depend upon the amount of the outstanding wages. If the amount of outstanding wages is nominal, the employee will be better served by seeking recovery under I.C. § 45–606. In addition to the amount of outstanding wages, he could receive up to a maximum of thirty days additional wages. If the amount of outstanding wages is larger, however, it will behoove the employee to seek a treble recovery under I.C. § 45–615(4)." 98 Idaho at 177, 560 P.2d at 499.

For the reasons set forth in *Lawless v. Davis, supra,* we conclude that the trial court did not err in determining that Rodwell was entitled to treble damages under I.C. § 45–615(4).

Rodwell has requested attorney fees on appeal. While attorney fees may be awarded on appeal pursuant to I.C. § 12–121, *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979), to allow attorney fees in this case where Rodwell's damages have already been trebled would constitute an unreasonable windfall to Rodwell and would punish appellant too harshly. Therefore, attorney fees are denied. *Minich v. Gem State Developers, Inc., supra.*

Judgment affirmed.

DONALDSON, J., specially concurring.

I concur in the Court's opinion except that portion that states attorney fees may be awarded on appeal pursuant to I.C. § 12–121 under appropriate circumstances. I continue to adhere to the view expressed in my dissenting opinion in *Minich v. Gem*

*State Developers, Inc., supra,* that I.C. § 12–121 is not applicable to this Court and therefore provides no authorization for an award of attorney fees on appeal.

BISTLINE, J., concurs.

BAKES, J., concurring specially:

I concur that the judgment of the trial court should be affirmed based on the decision of this Court in *Lawless v. Davis,* 98 Idaho 175, 560 P.2d 497 (1977). I also concur that no attorney fees should be awarded on this appeal. However, I think this case, even more clearly than *Lawless,* points out that the trebling of wages as provided in I.C. § 45–615(4) should be limited to those actions in which the director of the Department of Labor and Industrial Services represents a wage claimant. *See* dissenting opinion of Bakes, J., in *Lawless v. Davis, supra.* In my view, it is the trebling of the wage claim in this case which causes the unreasonable windfall and not the award of attorney fees. However, the Court has ruled otherwise in *Lawless,* and that decision is controlling in this case. Therefore, I concur in the action of the Court in affirming the judgment of the trial court and denying attorney fees on appeal.