697 P.2d 1179

**Carl Gene GILBERT,
Plaintiff-Respondent,**

v.

**Ezra MOORE, as superintendent, and Canyon County School District No. 139, Defendants-Appellants.**

No. 15510.

Supreme Court of Idaho.

April 5, 1985.

Dean J. Miller, Caldwell, for defendants-appellants.

W. Craig James, Boise, for plaintiff-respondent.

BISTLINE, Justice.

## HISTORY

On July 21, 1982, Carl Gilbert entered into a contract with Canyon County School District # 139 to drive and repair its buses. During a period of dwindling finances, Mr. Gilbert was told that if he was required to work overtime, upon approval by his supervisor, he would receive payment for the extra time at the contracted rate for the type of work performed; $4.75 per hour for bus repairing, and $3.90 per hour for bus driving.

For the months of July, August, and September 1982, and February, June, September, and November 1983, Mr. Gilbert received overtime compensation. For the months of October, November, and December 1982, Mr. Gilbert worked a total of 251.5 hours of overtime. Mr. Gilbert's supervisor approved Mr. Gilbert's claim for overtime compensation; however, for unknown reasons, the claim was not submitted by Mr. Gilbert's supervisor to the school district for payment. Accordingly, Mr. Gilbert was never paid for this time period.

Mr. Gilbert did not file a claim in small claims court for the overtime compensation due him until November 23, 1983, his stated reason for the delay being that he was told by his supervisor that in lieu of overtime wages he would receive compensatory time off from his work. Thus, Mr. Gilbert thought he would ultimately be compensated in 1983 during the remaining duration of his 1982–83 school-year contract with the school district for the overtime work he put in the last three months of 1982.

Backing up a bit, in the summer of 1983, Mr. Gilbert had entered into two 1983–84 school-year contracts with the school district, which allowed the school district to cancel if it determined that this was in its best interests, provided, however, that the

school district give Mr. Gilbert two weeks' notice prior to termination.

On October 31, 1983, Mr. Gilbert informed the school district of his intent to resign on December 1, 1983. On November 11, 1983, Mr. Gilbert told Ezra Moore, the school district superintendent, that he wished to rescind his notice of termination. Mr. Moore refused and instead terminated him effective immediately notwithstanding the contract's guarantee of two weeks' notice.

Mr. Gilbert responded by filing the instant action. In small claims court the magistrate awarded Mr. Gilbert $1,161.75, which judgment the defendants appealed to the district court. The district court tried the claim *de novo* and awarded Mr. Gilbert $1,194.62 for the overtime compensation due him and $285 for the regular pay Mr. Gilbert would have earned had he received his two weeks' notice of termination before being terminated. The court trebled the sum of these two awards and awarded that product in addition to the unpaid wages. This was the court's interpretation of I.C. § 45–615(4). Mr. Gilbert was also awarded costs of $50 and attorney's fees of $25 as provided for by I.C. § 1–2311.

Defendants on appeal to this Court raise five issues: (1) Whether Mr. Gilbert's claim is time-barred; (2) whether the district court awarded damages in excess of small claims court jurisdiction; (3) whether the evidence sustains the district court's damage award; (4) whether the district court incorrectly interpreted I.C. § 45–615(4)'s provision for treble damages; and (5) whether any award of treble damages pursuant to I.C. § 45–615(4), which does not first require a showing of bad faith on the part of the liable party, is improper.

## I.

The controlling statute of limitations is I.C. § 45–608, which states in pertinent part:

Any person shall have the right to collect salary, wages, overtime compensation, penalties and liquidated damages provided by any law or pursuant to a contract

of employment, but any action thereon shall be commenced in a court of competent jurisdiction within two (2) years after the cause of action shall have accrued, *provided, however, that in the event salary or wages have been paid to any employee and such employee claims additional salary, wages, overtime compensation, penalties or liquidated damages, because of work done or services performed during his employment for the pay period covered by said payment, any action therefor shall be commenced within six (6) months from the accrual of the cause of action.* (Emphasis added.)

The defendants argue that under the foregoing provision, where Mr. Gilbert was regularly paid, and his claim is for *additional* pay, he is barred by the shorter six month time limitation. We disagree.

▮ The crucial issue is determining when Mr. Gilbert's cause of action accrued. The district court found as a fact that the school district could have compensated Mr. Gilbert for his overtime work any time during the term of his contract which did not conclude until August 1983. This finding is supported by Mr. Gilbert's testimony that his supervisor had led Mr. Gilbert to believe that he would receive compensatory time off from his work in lieu of financial compensation for the overtime put in for the months of October through December 1982. Thus, Mr. Gilbert thought he would be compensated sometime in 1983 during the duration of his 1982-83 school year contract. It was not until that contract expired in August 1983 that his cause of action then accrued, for it is only then that he knew that he would not be compensated for the unpaid overtime.

▮ Our review of the evidence supports the district court's decision on this point. Even if, as a matter of law, Mr. Gilbert's cause of action were held to have accrued at the end of December 1982, appellants would be estopped from asserting I.C. § 45–608 as barring Mr. Gilbert's claim pursuant to the general rule, applicable in

Idaho, that if the reason for not filing suit is reliance upon the debtor's promise of payment, and such reliance is justified, then the defendant is estopped from asserting a statute of limitations defense. 53 C.J.S., Limitations of Actions, p. 967. Accordingly, we affirm the district court on this issue.

## II.

Appellants challenge the district court's jurisdiction to award damages in excess of $2,000. The contention is that a district court, on appeal from a small claims decision, is limited to the same jurisdictional amount as the small claims court. Appellants also argue that to hold otherwise would be a violation of constitutional rights of due process and jury trial. We disagree.

### A.

A district court hearing a small claims appeal de novo is not a small claims court. In district court, the parties have the right to discovery and to file supplemental pleadings; the right to a trial by jury is preserved so long as it is requested in a timely fashion. I.R.C.P. 81(o)(6). That a district court damage award may exceed the limitation of what a small claims court could award is not of legal or constitutional consequence.

### B.

We also disagree with appellants' assertion that a district court is statutorily limited to awarding only that which the small claims court awarded. We do not believe the legislature intended such an anomalous result.

In any appeal—meaning other than from the small claims division—of a magistrate decision, a district court may

choose to "wipe the slate clean" and begin the case anew by ordering a trial de novo. I.C. § 1–2213; Winn v. Winn, 101 Idaho 270, 272, 611 P.2d 1055, 1057 (1980); I.R.C.P. 83(b). In appealing small claims court decisions, as mentioned above, the district court shall hear the appeal as a trial de novo.

A trial de novo means just that: a trying of the matter anew—the same as if it had never been heard before. I.R.C.P. 83(u)(2) states that a district court, when hearing de novo a case appealed from a magistrate court, "shall render a decision in the action as a trial court as though the matter was initially brought in the district court." We deem it clear that the limitations on jurisdictional amount in magistrate courts do not apply in district court. It would be anomalous to restrict the jurisdiction of a district court to those cases which were originally filed in the magistrate court simply because of place of origin.

We have found only one other case on this issue. In that case, Hardy v. Tabor, 369 So.2d 559, 560 (Ala.1979), the Alabama Supreme Court held that if an appeal is made from a small claims court with a jurisdictional ceiling of $500, because the appeal is tried de novo, the plaintiff is entitled to seek and obtain an amount in excess of the jurisdiction of the small claims court.

Appellants argue that I.C. § 1–2311 [1] limits district courts to the amount of the small claims court award. As we read that section, it provides in pertinent part only for an assessment of attorney's fees of $25 against the appealing party if he does not prevail on the appeal. We do not read this section as limiting the district court's authority to award such damages to which it finds the prevailing party entitled.

---

1. I.C. § 1–2311 reads as follows:

     **Appeal to district judge.**—If either party is dissatisfied he may, within 30 days from the entry of said judgment against him, appeal to a district judge of the county in which said court is located; and if the final judgment is rendered against him by such district judge, then he shall pay, in addition to any judgment rendered in the magistrate's division, an attorney's fee to the prevailing party in the sum of twenty-five dollars ($25.00), provided, however, that appeals from such small claims department shall only be allowed in such cases as appeals would be allowed if the action were instituted in the magistrate's division as is now provided.

### III.

Appellants next attack the sufficiency of the evidence to support the district court's findings of fact. Our review of the record convinces us that the district court's findings of fact here are supported by substantial and competent, although conflicting, evidence. *Ellis v. Northwest Fruit & Produce,* 103 Idaho 821, 823, 654 P.2d 914, 916 (1982).

### IV.

Appellants next contend that the district court improperly applied I.C. § 45–615(4), which states:

Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff ... shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.

The underlying damages sought by Gilbert were the unpaid wages. The district judge found the amount of wages due and then applying his interpretation of the statute, trebled that amount, designating this as damages. The trebled amount was then added to the wages found unpaid and due.

I.C. § 45–615(4) heretofore has always been interpreted as allowing a plaintiff to recover as damages three times the amount of actual unpaid recoverable wages. *See Rodwell v. Serendipity, Inc.,* 99 Idaho 894, 895, 591 P.2d 141, 142 (1979); *Goff v. HJH Co.,* 95 Idaho 837, 840, 521 P.2d 661, 664 (1974). That interpretation is correct, and we so hold. Accordingly, $1,479.62 in wages found due to Mr. Gilbert should have been trebled to the amount of $4,438.86.

### V.

Appellants' final argument that any award of treble damages pursuant to I.C. § 45–615(4), which does not first require a showing of bad faith on the part of the liable party has no support whatever in the legislature's statutory scheme:

The statute in question in this case, I.C. § 45–615(4), states that treble damages *shall* be awarded. The word *shall,* when used in a statute, is mandatory. *Munroe v. Sullivan Mining Co.,* 69 Idaho 348, 207 P.2d 547 (1949); *Pierce v. Vialpando,* 78 Idaho 274, 301 P.2d 1099 (1956).

Furthermore, legislative intent and public policy support this requirement that treble damages be allowed where unpaid wages are due and owing.... The average wage earner depends greatly on the regular receipt of earned wages. If unpaid, serious economic injury may result to the wage earner. The legislature also has recognized that the wage earner would not be fully compensated if he were allowed merely to recover his withheld wages because of the costs of attorney's fees and suit. Although attorney's fees are authorized by statute, they cannot be awarded unless the wage earner recovers all that he claims. Therefore, in many cases there is a need for additional compensation. Thus, although the award of treble damages does tend to penalize the employer, it also serves to fully compensate the wage earning employee for the injury caused him by the delay he experiences in recovering his withheld wages in a court of law and the expenses connected with the recovery.

*Goff, supra,* at 839–40, 521 P.2d at 663–64 (emphasis in original).

Appellants do not persuade us that *Goff* was wrongly decided. We note that the legislature has not disagreed with our assessment of the legislative intent in the ten years since *Goff* was decided.

The judgment below is modified to provide that Mr. Gilbert recover $4,438.86, plus costs in the sum of $50, and $25 attorney's fees—making a total judgment in the sum of $4,513.86, accruing interest thereon at the rate of eighteen percent (18%) per annum from March 2, 1984, the date of judgment.

Judgment affirmed as modified. No costs awarded.

SHEPARD and HUNTLEY, JJ., concur.

BAKES, J., concurs in the result.

DONALDSON, C.J., sat but did not participate.