**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRUCE P. PAOLINI,
            *Plaintiff-Appellant,*

v.

ALBERTSON'S INC.; PLAN
ADMINISTRATOR, of Albertson's
amended and restated stock-based
incentive plan,
            *Defendants-Appellees.*

No. 03-35724

D.C. No.
CV-02-00041-BLW

ORDER

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued February 17, 2005
Submitted March 16, 2005
Seattle, Washington

Filed August 10, 2005

Before: Betty B. Fletcher and Ronald M. Gould,
Circuit Judges, and Samuel P. King,* District Judge.

---

**COUNSEL**

Bruce P. Paolini, Virginia Beach, Virginia, Pro se plaintiff-
counterdefendant-appellant.

---

*The Honorable Samuel P. King, Senior United States District Judge
for the District of Hawaii, sitting by designation.

10267

J. Walter Sinclair, Harry S. Chandler, & Wade L. Woodard, Stoel Rives LLP, Boise, Idaho, for defendant-counterclaimant-appellee Albertson's, Inc., and defendant-appellee the Plan Administrator of Albertson's Amended and Restated Stock-Based Incentive Plan.

---

## ORDER CERTIFYING QUESTIONS OF LAW TO THE IDAHO SUPREME COURT

Bruce P. Paolini, the plaintiff, appeals the district court's summary judgment decision. The district court granted summary judgment to the defendants, Paolini's former employer Albertson's, Inc. and the Administrator of Albertson's, Inc.'s Stock-Based Incentive Plan (the "Plan Administrator"), (collectively "Albertson's").

On appeal Paolini argues, among other things, that he was fired for petitioning to exercise stock options granted to him by Albertson's. He argues that firing him for this reason violated Idaho's wage laws and public policy. We vacate submission and certify two legal questions that are dispositive of these issues on appeal.

I.

Resolution of Paolini's wrongful discharge claims as related to Idaho's wage laws and Idaho's public policy are matters of first impression under Idaho law. Because we find no controlling precedent in the decisions of the Idaho courts, pursuant to Rule 12.2 of the Idaho Appellate Rules, we respectfully request the Idaho Supreme Court to exercise its discretion to accept certification of the following legal questions:

> 1. Can stock options be wages under Idaho Code sections 45-601(7) and 45-613? If so, is it a factual

issue as to whether the stock options were issued as wages, to be resolved by a factfinder?

2.  If an employer fires an employee for trying to exercise his right to the receipt of wages, has the employer violated the public policy exception to at-will employment?

A determination of Idaho law with regard to these certified questions would resolve the wrongful discharge issues on appeal as they relate to Idaho's wage laws and Idaho's public policy and would determine whether these matters should be remanded to the district court for further proceedings.

II.

Paolini was an employee at Albertson's for seventeen years. He advanced to the position of Senior Vice President of Labor Relations and Employment Law. During Paolini's time at Albertson's he received several thousand stock options. The options were issued pursuant to the Albertson's Amended and Restated 1995 Stock-Based Incentive Plan (the "Plan"). According to the Plan, a change in control at the company accelerated vesting of the stock options.

In the summer of 2001, Paolini believed a change in control occurred at Albertson's.[1] He attempted to exercise his stock options based on accelerated vesting. The Plan Administrator denied his request.

Then, for reasons that are disputed, Paolini left his employment at Albertson's. Paolini claims Albertson's discharged him for acting to exercise his stock options, thus raising the possibility that several million dollars of stock options,

_____

[1]Whether a change in control occurred at Albertson's is disputed by the parties but this issue is not material to the questions as certified to the Idaho Supreme Court.

including his own, were subject to accelerated vesting. This, Paolini claims, was a retaliatory discharge in violation of Idaho's wage laws, public policy, and the covenant of good faith and fair dealing. Albertson's response to Paolini's wrongful discharge claims is two-fold: first, they argue Paolini quit and second, they argue that if Paolini was fired, then his firing did not violate Idaho state law.[2]

Paolini filed a complaint in Idaho federal district court. The complaint challenged the Plan Administrator's interpretation of the stock option Plan and alleged wrongful discharge. Albertson's counterclaimed for the amount owed on a disputed promissory note.

Both parties filed for summary judgment. The district court granted all of Albertson's substantive motions for summary judgment and denied all of Paolini's motions for summary judgment. Paolini appealed to the Ninth Circuit.

III.

A.   Violation of Idaho's wage laws.

Under Idaho law an employer may not fire or retaliate against an employee for making a complaint under the Idaho wage laws. Idaho Code § 45-613. The statute reads:

> No employer shall discharge or in any other manner retaliate against any employee because that employee has made a complaint to the employer, or to the department, or filed suit alleging that the employee has not been paid in accordance with the provisions of this chapter, or because the employee has testified or may be about to testify in an investigation or hearing undertaken by the department. The

[2]The parties agreed at oral argument that a material factual dispute exists over whether Paolini quit or was discharged.

provisions of this section shall not be construed to otherwise restrict the discipline or termination of an employee.

*Id.* Paolini argues he was fired for petitioning to exercise his stock options and raising concerns in management over the potential for accelerated vesting of the company's stock options. Stock options, he argues, were part of Albertson's compensation, *i.e.* wages, to himself and other executives. Therefore, he argues, he was terminated for pursuing a complaint under Idaho's wage law.

Idaho law defines wages as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece or commission basis." Idaho Code § 45-601(7). The Idaho Supreme Court has never said whether stock options can be wages and it is not clear from Idaho's existing case law how the court would decide this question. The Idaho Supreme Court has addressed the definition of wages in other contexts,[3] but none are comparable to grants of stock options.

While the law is unclear, the facts suggest a triable issue of fact on whether Albertson's stock options are wages. Paolini and the Plan Administrator both said the stock options were compensation. Paolini's affidavit says he was told "dozens of times" that his pay included salary, bonuses, and stock options. The chair of the Compensation Committee/Plan Administrator[4] testified to the same. The Plan Administrator's

---

[3]For example, the Idaho Supreme Court said year end commissions are wages, *Goff v. H.J.H. Co.*, 521 P.2d 661, 664; 95 Idaho 837, 840 (1974); bonuses and severance pay are wages, *Johnson v. Allied Stores Corp.*, 679 P.2d 640, 644; 106 Idaho 363, 367 (1984); and deferred incentive compensation packages are wages, *Bilow v. Preco, Inc.*, 966 P.2d 23, 28-30; 132 Idaho 23, 28-30 (1998). The Idaho Court of Appeals said a life insurance contract is not a wage, *Whitlock v. Haney Seed Co.*, 759 P.2d 919, 925-26; 114 Idaho 628, 634-35 (Idaho Ct. App. 1988).

[4]The Compensation Committee and the Plan Administrator were one and the same.

written decision in this case calls the stock option Plan compensation, saying: "[M]anagement has discretion to design and create compensation programs such as the Plan."

This court has said stock options under California's wage laws are not wages[5] but not all states have excluded stock options from the definition of wages. For example, the Third Circuit has said stock options are wages under the Pennsylvania Wage Payment and Collection Law "if the employer specifically agreed to deliver the option as employment compensation." *Scully v. US WATS*, 238 F.3d 497, 517-18 (3d Cir. 2001).

In this case, if stock options are not wages then no triable issue of fact exists for the wrongful discharge claims under Idaho's wage law. The claims therefore would have to be dismissed. If stock options are wages as a matter of law, then these claims must return to the district court for a determination of whether Paolini was fired and, if so, for what reason. If stock options may be wages and determining so is an issue of fact, then these issues must return to the district court for such a determination. Whether stock options can be wages is a "controlling question of law" without "controlling precedent in the decisions of the Idaho Supreme Court." Idaho Appellate Rule 12.2(a). Resolving this question will "materially advance the orderly resolution" of this litigation. *Id.*

B. Public policy exception to employment at-will.

Idaho has long recognized a public policy exception to the employment at-will relationship. Under this exception "an employer may be liable for wrongful discharge when the motivation for discharge contravenes public policy." *Edmondson v. Shearer Lumber Prods.*, 75 P.3d 733, 737; 139 Idaho

---

[5]*See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1132 (9th Cir. 2002) (saying stock options are not wages under California law); *Int'l Bus. Machs. Corp. v. Bajorek*, 191 F.3d 1033, 1039 (9th Cir. 1999) (same).

172, 176 (2003). Whether a particular action falls within the public policy exception is a question of law. *Id.* The Idaho Supreme Court has explained the exception by saying:

> The purpose of the exception is to balance the competing interests of society, the employer, and the employee in light of modern business experience. The public policy exception has been held to protect employees who refuse to commit unlawful acts, who perform important public obligations, or who exercise certain legal rights or privileges.

*Crea v. FMC Corp.*, 16 P.3d 272, 275; 135 Idaho 175, 178 (2000) (internal quotation marks omitted). The exception has been extended to specifically protect: participation in union activities, *Roberts v. Bd. of Trustees*, 11 P.3d 1108, 1111; 134 Idaho 890, 893 (2000); *Watson v. Idaho Falls Consol. Hosp.*, 720 P.2d 632, 637; 111 Idaho 44, 49 (1986); reporting safety violations, *Ray v. Nampa School Dist.*, 814 P.2d 17, 120 Idaho 117 (1991); and reporting false medical records and the performance of unnecessary operations, *Thomas v. Med. Ctr. Physicians*, 61 P.3d 557, 138 Idaho 200 (2002). The Idaho Supreme Court has indicated that the exception would also protect against termination for refusing to date a supervisor, filing a worker's compensation claim, or serving on a jury, *Sorensen v. Comm. Tek, Inc.*, 799 P.2d 70, 75; 118 Idaho 664, 669 (1990). However, the Idaho Supreme Court has said the exception does not protect private-sector employees who exercise their constitutional rights of free speech and association, *Edmondson*, 75 P.3d at 738-39; 139 Idaho at 177-78, and Idaho Court of Appeals has declined to extend the exception to cover running for public office, *McKay v. Ireland Bank*, 59 P.3d 990, 994-95; 138 Idaho 185, 189-90 (Idaho Ct. App. 2002).

The question of whether Paolini was fired in violation of public policy is dependent, in part, on the answer to the earlier question of whether stock options can be wages. If stock

options are wages then a legal question exists over whether firing a person for acting to prevent the withholding of wages is a violation of public policy. A factual question also remains as to whether Paolini was terminated for taking such an action. The legal question has never been addressed by the Idaho Supreme Court.

Paolini argues that as the head of labor and employment at Albertson's he was refusing to commit an unlawful act, *i.e.* withholding wages from Albertson's employees. He also argues he was exercising his own legal right to pursue wages owed to him by Albertson's. Existing case law is not sufficiently analogous to the legal questions presented by Paolini to allow us to resolve these issues. Whether Paolini's arguments are correct under Idaho law is a matter best determined by the Idaho Supreme Court. We respectfully request the Idaho Supreme Court to exercise its discretion and accept certification of the legal questions presented.

### IV.

The clerk of this court shall forward a copy of this order, under official seal, to the Idaho Supreme Court. The clerk shall also forward copies of all briefs and excerpts of record to the Idaho Supreme Court. The parties shall notify the clerk of this court within 14 days of any decision by the Idaho Supreme Court to accept or decline certification. If the Idaho Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that court's opinion. We withdraw submission of this appeal until further order of this court.

SUBMISSION VACATED AND QUESTIONS CERTIFIED

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO
—————————

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.