587 P.2d 1255

**Fred GANO and Tom Gano, Plaintiffs-Appellants and Cross-Respondents,**

v.

**AIR IDAHO, INC., a corporation, Defendant-Respondent and Cross-Appellant.**

**No. 12697.**

Supreme Court of Idaho.

Dec. 20, 1978.

---

3. *White v. Idaho Forest Industries,* 98 Idaho 784, 572 P.2d 887 (1977).

Robert M. Nielsen of Ling & Nielsen, Rupert, for plaintiffs-appellants.

L. Clyel Berry and Emil F. Pike, Twin Falls, for defendant-respondent.

SHEPARD, Chief Justice.

This is an appeal from a judgment in an action by employees against an employer in which back wages were awarded, but statutory penalties, attorney's fees and costs of suit were denied. We affirm.

Plaintiffs-appellants Fred Gano and his son, Tom Gano, were employed by defendant-respondent Air Idaho, Inc., as chief pilot and pilot, respectively. On November 19, 1975, Fred Gano received notice that he was being replaced as chief pilot. The Ganos contend they were fired and Air Idaho contends they were not fired, but voluntarily terminated their employment. That contention of Air Idaho is based on the testimony of an officer of Air Idaho to the effect that the Ganos were advised on December 2, 1975, that their employment was not terminated and were requested to pilot a chartered flight which was scheduled for the following day.

It is the events of December 2, 1975, which are largely dispositive of plaintiffs-appellants claim. At 9:00 a. m., December 2, 1975, the Ganos went to Air Idaho's offices and demanded their wages, which at that time amounted to $680.50 for Fred Gano and $440.00 for Tom Gano. Apparently, there were fiscal matters which necessarily had to be resolved before the exact amount of the Ganos' wages could be determined. These included advances to the Ganos against expenses and Ganos' usage of

petty cash funds. During their employment the Ganos had always picked up their checks personally at the Air Idaho office.

Air Idaho's normal procedure regarding payroll checks required signatures by corporate officers Anglin and Rowe. At noon that day, Anglin arrived at the office of Air Idaho and, after a discussion with the Ganos, an agreement was reached as to the amounts due and owing the Ganos. Payroll checks were made out for those amounts and signed by Anglin. The Ganos were informed that they could take the checks to Rowe, who was then approximately eight miles away, for his signature or await his return to the Air Idaho office within an hour. The Ganos left after waiting until approximately 3:00 p. m., with the request that the checks be sent to the Department of Labor. Rowe arrived at approximately 3:30 p. m., and signed the Ganos' payroll checks. The Ganos went immediately to the Idaho Department of Labor and consulted with an employment officer, who called the Air Idaho office and discussed the matter with Anglin, who informed him that the checks were available to the Ganos. The Ganos, however, never returned to Air Idaho to pick up the checks and the checks were never mailed to them or the Department of Labor.

On January 3, 1976, the Ganos' attorney wrote Air Idaho demanding their wages, together with statutory penalties in a total amount of $2,079.00 for Fred Gano, and $1,241.00 for Tom Gano. Air Idaho informed the attorney that their pay checks could be picked up at the office of Air Idaho, but the Ganos declined to do so.

The principal issue here is whether the trial court erred by denying the Ganos treble damages in conformance with I.C. § 45–615(4), which provides:

4. Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the director in his behalf, shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.

In order to recover treble damages, it need not be shown that an employer withholding wages acted with malice, wantonness, fraud or oppression, but it must be shown that the wages were wrongfully withheld. *Goff v. H. J. H. Co.*, 95 Idaho 837, 521 P.2d 661 (1974). Prior to 1967, the only penalty provisions under our claims for wages statutes were found in I.C. § 45–606. The penalties provided in that section stop running when an employer makes a tender of the full amount of wages due and owing. *Lindsey v. McCatron*, 78 Idaho 211, 299 P.2d 496 (1956); *Robinson v. St. Maries Lumber Co.*, 34 Idaho 707, 204 P. 671 (1921).

In 1967, Idaho's claims for wages statute (Title 45, Chapter 6) was amended by the enactment of I.C. §§ 45–609—45–615. As noted in *Lawless v. Davis*, 98 Idaho 175, 560 P.2d 497 (1977), the penalties provided in the older statute, I.C. § 45–606, and the newer statute, I.C. § 45–615(4), were intended to be alternative rather than cumulative. We do not find that the 1967 amendment to Idaho's claim for wages statutes was intended to change the rule enunciated by those previous cases which stopped the running of penalties upon a tender of the full amount of wages due.

In the instant case, the trial court found that upon the return of Rowe to the office of Air Idaho at approximately 3:30 p. m., his signature of the Ganos' pay checks constituted a tender of the wages due. The court also found that the Ganos' failure to await Rowe's arrival and their failure to return to the office of Air Idaho within a reasonable time constituted a rejection of the tender.

The record clearly supports the findings of the trial court that it was customary for the Ganos to pick up their pay checks at the office of Air Idaho and that Air Idaho had never mailed any of Ganos' pay checks during their employment. Hence, the findings of the district court relating to tender and rejection of the wages due are supported by substantial, although conflicting, evidence and they will not be set aside.

I.R.C.P. 52(a); *Evans v. Idaho State Tax Commission*, 97 Idaho 148, 540 P.2d 810 (1975); *Ace Supply, Inc. v. Rocky-Mountain Machinery Co.*, 96 Idaho 183, 525 P.2d 965 (1974).

■ The Ganos also contend that the trial court erred following the conclusion of the trial and after both parties had rested, in allowing Air Idaho to reopen the case and take additional testimony from one of its witnesses. That testimony was allowed over the objection of the Ganos. That witness testified that she had been confused in her previous testimony as between the term "checks" and the term "vouchers," and she clarified her previous testimony relating to Rowe's signature of the checks. She was cross-examined by the Ganos after her testimony on reopening. The Ganos produced witnesses who testified in rebuttal. The reopening or refusing to reopen the trial for the purpose of hearing further evidence is within the sound discretion of the trial court. *Smith v. Smith*, 95 Idaho 477, 511 P.2d 294 (1973); *County of Bonner v. Dyer*, 92 Idaho 699, 448 P.2d 986 (1968); *Metzker v. Lowther*, 69 Idaho 155, 204 P.2d 1025 (1949). We find no abuse of discretion.

■ The Ganos further contend that the trial court erred in not awarding them attorney's fees pursuant to I.C. § 45–605. That statute provides that when a demand by a wage earner has been made in writing at least five days before suit is brought against an employer for wages due and earned for a sum not to exceed the amount so found due, then the plaintiff wage earner should be awarded a reasonable attorney's fee. Here, it is clear that the Ganos' demand in writing far exceeded the amounts found by the trial court to be due and owing, and hence the trial court did not err by failing to award attorney's fees. *Clark v. Foster*, 87 Idaho 134, 391 P.2d 853 (1964); *Lindsey v. McCatron, supra; Marrs v. Oregon Short Line R. R.*, 33 Idaho 785, 198 P. 468 (1921). Likewise, we find no error in the trial court's denial of costs to the Ganos in view of the failure of compliance with I.R.C.P. 54(d)(5).

■ Air Idaho argues on cross-appeal that it is entitled to its costs under I.R.C.P. 68 on the theory that Air Idaho served a written offer of judgment upon the Ganos on April 15, 1977, more than ten days before the trial began, and that the judgment finally obtained on May 17, 1977, by the Ganos was not more favorable than said offer. This cause was completed in the trial court on May 17, 1977, with a notice of appeal filed July 13, 1977. The record discloses that Air Idaho's written offer of judgment was not filed with the trial court until November 23, 1977. Such unwarranted delay prevented the trial court from considering said offer of judgment and precludes Air Idaho from claiming error by the trial court concerning a matter never presented to it.

The judgment of the trial court is affirmed in all respects. Costs to respondent.

DONALDSON and BAKES, JJ., and MAYNARD and ROWETT, JJ. Pro Tem., concur.