683 P.2d 882

**Ron G. SMITH, Plaintiff-Respondent,**

v.

**IDAHO PETERBILT, INC.,
Defendant-Appellant.**

**No. 14458.**

Court of Appeals of Idaho.

June 19, 1984.

Thomas A. Banducci (argued) and Thomas R. Linville, of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendant-appellant.

Robert M. Tyler, Jr. (argued) and David Emerson Comstock, of Elam, Burke, Evans, Boyd & Koontz, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Idaho Peterbilt, Inc. appeals from a judgment awarding treble damages against it under I.C. § 45–615(4) for unpaid wages due its former employee, Ron Smith. Peterbilt raises two issues. First, in deciding liability, was the trial court required to make a determination that commissions owed by Peterbilt to Smith had been withheld "wrongfully" by Peterbilt? Second, did the trial court err in holding that only an actual tender by Peterbilt to Smith, of the unpaid commissions found due, would preclude an award of treble damages under I.C. § 45–615(4)? We hold the court was not required to determine whether the commissions had been withheld "wrongfully," but only whether the commissions were due and unpaid. We also uphold the trial court's position requiring an actual tender. We therefore affirm the judgment.

Ron Smith was employed by Idaho Peterbilt as a truck salesman. Upon termination of his employment, a dispute arose concerning commissions due Smith. While the parties essentially agreed that commissions were owed by Peterbilt to Smith, they

could not agree to the total amount. Their dispute centered on the percentage rate upon which the commissions should be calculated. As a result of the disagreement, Smith filed suit to determine the amount due. For relief, he sought recovery of damages under I.C. § 45–615(4).

In pertinent part, I.C. § 45–615(4) provides:

Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff ... shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.

Following trial, the court found $5468.52 as the amount due Smith for unpaid commissions [1] and awarded judgment to him for three times that amount, *i.e.,* $16,405.56.

## I

At trial, Peterbilt urged that the court could not award damages under I.C. § 45–615(4) absent proof and a specific finding that Peterbilt "wrongfully" had withheld payment of the commissions due Smith. Peterbilt argued that an "honest business dispute" existed, as to the commission rate, which would justify withholding the payment of the commissions and preclude the award of treble damages because such a withholding would not be "wrongful". Unpersuaded, the trial court ruled during trial that a showing of wrongfulness was not required. The court held that Smith simply had to show his commissions were due and unpaid. Accordingly, the court's findings of fact and conclusions of law are silent as to whether Peterbilt's withholding of the wages found due was wrongful.

Peterbilt's theory, that damages cannot be awarded under section 45–615(4) without a showing that the wages had been withheld wrongfully by the employer, is based upon language found in the cases of *Goff v. H.J.H. Co.,* 95 Idaho 837, 521 P.2d 661 (1974) and *Gano v. Air Idaho, Inc.,* 99 Idaho 720, 587 P.2d 1255 (1978). In *Goff,* the plaintiff sued for "bonus money" due him through his employment. He contended the bonus—a commission—should have been calculated on the amount of gross sales he made as a salesman for H.J.H. Company, a farm implement business. However, the employer, H.J.H., asserted that the bonus was to be calculated on the net amount of the sales, arrived at by deducting from the gross sales the value of trade-ins. The issue was submitted to a jury. The jury found in favor of Goff and rendered a verdict based on the gross sales calculation. Goff then requested the trial judge to assess treble damages under I.C. § 45–615(4). The judge refused to do so, ruling that Goff was not entitled to the benefit of that statute because the defendant-employer, H.J.H., was not shown to have acted with wantonness, wilfulness, fraud or oppression. On appeal, the Supreme Court reversed. It held that the treble damage provision of I.C. § 45–615(4) was mandatory and applicable without a showing of wantonness, wilfulness, fraud or oppression.

The reference to "wrongfulness" in *Goff,* relied upon by Peterbilt in the instant case, is found in the characterization by our Supreme Court of the issue before it, and in the Supreme Court's description of the determination made by the jury. The decision in *Goff* commences with:

The Court is asked to decide whether I.C. § 45–615(4) requires that treble damages be awarded to any successful plaintiff in a suit for wages *wrongfully* withheld, even without a showing that the person who withheld the wages acted with malice, wantonness, fraud or oppression. For reasons that will be discussed, we have concluded that treble damages must be awarded whenever it is proved that wages have been *wrongfully* withheld. [Emphasis added.]

95 Idaho at 838, 521 P.2d at 662. Later in its opinion, the Court described the verdict of the jury: "Here the jury found that [the

---

1. For the purpose of I.C. § 45–615(4), "wages" include commissions. *See* I.C. § 45–609(3) *and*

*Goff v. H.J.H. Co.,* 95 Idaho 837, 521 P.2d 661 (1974) (discussed *infra*).

employer] had *wrongfully* withheld part of [Goff's] year end commission which was computed on gross sales." 95 Idaho at 840, 521 P.2d at 664 (emphasis added).[2]

The reference to "wrongfulness" by the Supreme Court is explained when the record on appeal in *Goff* is compared with the ultimate holding stated in *Goff.*[3] The complaint in *Goff* contains no allegation that the employer wrongfully withheld the commission due. Nor does the transcript of the evidence in the trial of that case disclose that any issue was raised as to "wrongfulness." Rather the cause was tried on the question of which calculation— net sales or gross sales—was to be used to arrive at the amount of commissions owed. Only after the verdict was rendered did the parties argue, in respect to I.C. § 45–615(4), whether there was an "honest business dispute" and whether the employer's conduct was wanton, wilful, fraudulent or oppressive.

The verdict rendered by the jury in *Goff* recites *in toto:*

We, the jury impaneled to try the above-entitled cause, do find that the percentage agreement was as claimed by plaintiff, and so we do find in favor of plaintiff and fix the amount he has coming from defendant at the sum of $965.00 for the year 1970.

We further find that there was not an agreement for extension of the payment date for moneys earned in 1969 to December 31, 1970, and therefore we find nothing due plaintiff for the year 1969. [Clerk's Record p. 17.]

This verdict, on its face, clearly makes no determination whether the employer had wrongfully withheld the commissions due.

The ultimate holding of the Supreme Court in *Goff* is found in the concluding paragraph of its opinion:

Because I.C. § 45–615(4) requires that treble damages be awarded whenever unpaid wages are found to be due and owing, the district court erred in not awarding treble damages. The judgment of the district court is therefore reversed and remanded with directions to enter judgment in favor of the plaintiff in the amount of $2,895.00, which is three times the amount of wages the jury found to be due and owing....

95 Idaho at 840, 521 P.2d at 664. In our view, the Supreme Court in *Goff* was not presented with, nor required to decide, whether the implication of I.C. § 45–615(4) for withholding of wages is affected by "wrongful" or "rightful" conduct on the part of an employer. We believe, under the facts of that case, the question merely was whether there was a sum due and, if so, how much. The liability of the employer under I.C. § 45–615(4) was not dependent upon a finding that the employer "wrongfully" withheld the wages due, because, in that case, no such finding was made or required. If any meaning should be ascribed to the use of the term "wrongfully" by our Supreme Court in *Goff,* it simply is that, as a legal conclusion, it is "wrong" for an employer to withhold the payment of wages otherwise due and owing.[4]

---

**2.** In *Gano,* the other case relied upon by Peterbilt, our Supreme Court merely reiterated its language from *Goff,* stating:

In order to recover treble damages, it need not be shown that an employer withholding wages acted with malice, wantonness, fraud or oppression, but it must be shown that the wages were *wrongfully* withheld. [Emphasis added; 99 Idaho at 722, 587 P.2d at 1257.]

In *Gano,* but not in *Goff,* the real issue was whether there had been a tender by the employer to the employee of the full amount of the wages due which protected the employer from liability for treble damages under I.C. § 45–615(4).

**3.** In our analysis of the *Goff* case we have reviewed copies of the clerk's record, the reporter's transcript of the trial and the briefs of the parties on appeal in that case, all on file in the Idaho State Law Library.

**4.** It is possible that an employer may be justified, under some circumstances, in "rightfully" withholding payment of an employee's wages. For example, before the wages are paid, the employer may be served with a court-ordered attachment or garnishment of the wages. Or the wages may be subject to a prior, unrevoked assignment by the employee to the employer or to a third party creditor for some outstanding indebtedness. Under such circumstances the

■ Here, as in *Goff*, the issue was the method of calculation to arrive at a determination of the commissions owed. The trial court here found the amount due. I.C. § 45–615(4) was properly invoked. We hold the court did not need to determine whether the employer "wrongfully" withheld the sum due.

## II

■ We turn next to the issue regarding tender of the commissions due. At trial, Peterbilt presented evidence indicating that, on several occasions, $2000 was tendered to Smith. That amount was the sum Peterbilt contended was due, based upon its view of the applicable percentage. However, Smith testified that such a tender was never made to him, at any time. The evidence was thus in conflict. Whether the tender had been made was a question of fact for the trial court to resolve. The conclusion that Smith was entitled to damages based upon the commissions found due implicitly indicates the court was convinced that no tender of any amount, which would prevent the application of I.C. § 45–615(4), was ever made by Peterbilt.

At oral argument on this appeal, Peterbilt acknowledged the trial court's implicit determination. However, and notwithstanding the conflicting evidence, Peterbilt urges it should have been excused from making any tender. Peterbilt's rationale is as follows.

Peterbilt points out that, prior to suit, Smith had made demand on Peterbilt for the amount he felt was due. Smith's demand was greatly in excess of the sum which the court eventually found to be due as the unpaid commissions. Peterbilt argues, therefore, that in all likelihood any tender it would have made to Smith would have been rejected by him. Upon this premise, Peterbilt urges it should have been excused from making any tender, where such tender would have been a "futile gesture." *See Loomis v. Imperial Motors,*

*Inc.,* 88 Idaho 74, 396 P.2d 467 (1964). We disagree.

■ It is clear, in light of the *Gano* case, the penalty allowed by I.C. § 45–615(4) cannot apply when a tender is made of the full amount of the wages due. Likewise we deem it reasonable to conclude that a tender of part of the wages ultimately found due should "stop the running of the penalty," *Gano,* 99 Idaho at 722, 587 P.2d at 1257, as to the portion of the wages reflected by the tender, where such a partial tender is made *unconditionally* to the employee. We are not persuaded therefore that the subjective belief of an employer— that any tender would be futile—gives the employer any protection or relief from the operation of the statute. Only if the tender is made in fact and rejected will the employer be protected from the invocation of the penalty statute. *Gano, supra.* We reject Peterbilt's assertion that it was excused from making a tender and we uphold the trial court's implicit determination, in light of the conflict in the evidence, that no tender was actually made.

■ Finally, as a related issue to the question of tender, Peterbilt suggests the judgment should be reduced by an amount equal to three times the sum of $496.80. The $496.80 figure is the amount of a check received by Smith from Peterbilt, prior to suit, for a commission Peterbilt contended was due on a particular sale. It was the receipt of this check that alerted Smith to the eventual disagreement between the parties in respect to the method of calculation of the commissions. He refused to cash the check. This check would constitute a partial, unconditional tender which would "stop the running of the penalty," under I.C. § 45–615(4), on the amount of the check. However, we note Smith testified at trial—as to the particular sale for which the check was tendered—that he had calculated the commission due to him on that sale at $2083.23. He then subtracted the amount already paid—$496.80—and ar-

withholding of payment of the wages to the employee, by the employer, could hardly be said to be "wrongful." Rather the wages simply

would not be payable to the employee. The circumstances set forth in these examples do not exist in the case before us.

rived at a balance due of $1586.43. This latter figure, $1586.43, was found to be due by the trial court. The penalty under section 45–615(4) was computed using that figure. Therefore, we conclude the judgment was properly determined and should not be reduced.

Judgment affirmed. Costs to respondent Smith. Because a genuine legal issue has been raised in this appeal, no attorney fees are awarded under I.C. § 12–121. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). *See also Rodwell v. Serendipity, Inc.*, 99 Idaho 894, 591 P.2d 141 (1979).

BURNETT and SWANSTROM, JJ., concur.