762 P.2d 829

**Max HALES, Plaintiff–Respondent,**

v.

**Walter KING and Angie King dba King Trailer Manufacturing Company, Inc., Defendants–Appellants.**

No. 17109.

Court of Appeals of Idaho.

Sept. 9, 1988.

Petition for Review Denied
Nov. 30, 1988.

Richard E. Weston, Weston & Richardson, Boise, for defendants-appellants.

Bruce S. Bistline, Bistline Law Offices, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

In this proceeding, the appellant, King Trailer Manufacturing Company (King), challenges a magistrate's partial summary judgment awarding the respondent, Max Hales (Hales), treble damages for unpaid wages pursuant to I.C. § 45–615(4). The magistrate's award was upheld on appeal to the district court. Appealing further, King raises two issues of law: (1) whether the treble damage penalty allowed by I.C. § 45–615(4) may be avoided by a post-complaint offer to pay wages; and (2) whether the treble damage penalty is available to an employee who voluntarily terminates his employment. We hold that Hales' cause of action for back wages accrued when he terminated his employment, and that he was entitled to the treble damage penalty at the time he filed the complaint. We therefore affirm.

The facts of this case are not in dispute. King is engaged in the manufacture and

sale of recreational vehicles, campers, and travel trailers. Hales was employed by King as a production manager from January 17, 1985, to May 27, 1985. His beginning salary was $3000 per month, but was reduced to $2000 per month effective May 1, 1985. On May 27, 1985, Hales terminated his employment for health reasons. At the time, Hales claimed he was owed between $700 and $750 in accrued gross wages for his last seven days of work. On June 20, 1985, Hales sent King a demand letter for the unpaid wages. The letter advised King that unless full payment was made within ten days, Hales would bring legal action under the Idaho wage-claim statutes, I.C. §§ 45–601 and –615. King failed to render payment within ten days, and on July 2, 1985, Hales filed this action. He alleged that, pursuant to I.C. § 45–615(4), he was entitled to recover treble the amount of unpaid wages owed to him, along with associated costs and attorney fees.

On July 3, 1985, King sent a letter to Hales offering to pay him $574.44 (representing the $700 in wages less deductions) but conditioned upon return by Hales of certain "cost schedules," and other documents, which King claimed were in Hales' possession. King alleged that these cost schedules contained information necessary to its manufacturing business. Hales denied possessing most of these documents, stating that he had retained only his working copy of the cost schedules, and that other King employees had duplicate copies. Subsequently, Hales filed an amended complaint, seeking $1000 in wages instead of the $700 previously claimed. On August 5, 1985, King filed an offer of judgment pursuant to I.R.C.P. 68, offering Hales $608.66. The offer also stated that King would pay Hales' costs accrued to date. Shortly thereafter, King filed its answer, asserting a counterclaim to recover possession of the cost schedules allegedly held by Hales.

The magistrate granted Hales' subsequent motion for partial summary judg-

ment in the amount of $700 in unpaid wages, for treble damages, and for attorney fees. The magistrate determined that, because Hales' claim for unpaid wages accrued when he terminated his employment, and because Hales had made a proper demand for payment before filing suit, Hales was entitled to the treble damage penalty under I.C. § 45–615(4). On appeal, the district court affirmed the magistrate's order granting Hales treble damages, but reversed the award of attorney fees.[1] In his decision, the district judge focused on King's offer of judgment, allegedly made to Hales on July 31, 1985. The court concluded that the tendered offer, made sixty-five days after the end of employment, and twenty-nine days after filing of Hales' complaint, was far too late to avoid the treble damages penalty.

### Standard of Review

■ Our standard of review is well settled. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* I.R.C.P. 56(c); *Gro–Mor Inc. v. Butts*, 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). Here, reviewing the entire record, we find no genuine issues of material fact. Both parties admit that the facts are few and uncontroverted. The essential facts relate to the times and content of correspondence between the parties. Neither party has raised any issues regarding the validity of these facts. In addition, both the magistrate and the district court found the facts to be undisputed. Since the magistrate's order has been certified for appellate review pursuant to I.R.C.P. 54(b), this case presents only questions of law, and we therefore will exercise free review. *See Clark v. St. Paul Property & Liability Insurance Companies*, 102 Idaho 756, 639 P.2d 454 (1981); *Standards of Appellate Review in State and Federal Courts*, IDAHO APPELLATE HANDBOOK § 3.3.6.2 (Idaho Law Foundation, Inc. 1985).

---

1. No issue has been raised by cross-appeal in this proceeding with regard to the district court's reversal of the magistrate's award of attorney fees to Hales.

### Wage–Claim Statutes

The purpose of the Idaho Claims for Wages Statutes (wage law) is to insure that employees receive compensation due and owing to them upon termination of their employment. Under the wage law, an employee whose wages are withheld upon termination is entitled to alternative remedies. *Lawless v. Davis*, 98 Idaho 175, 560 P.2d 497 (1977). One remedy is to recover wages for a thirty-day period after the date of termination from employment. I.C. § 45–606. The other remedy is to recover, as damages, three times the amount of wages found due and owing. I.C. § 45–615(4).[2] However, these remedies are mutually exclusive. *Lawless v. Davis, supra.* Allowing an employee to recover under both I.C. § 45–606 and I.C. § 45–615(4) would impose an oppressive double penalty upon the employer. *Id.* Although both parties argue the applicability of I.C. § 45–606 to the present case, Hales' recovery under the wage law must be limited to treble damages under I.C. § 45–615(4), the remedy he chose in this action.

### Tender of Wages

The first issue raised by King in this appeal is whether the wage law requires an employer to tender payment of wages to a terminated employee *before* suit is filed. King argues that a valid tender of offer before judgment eliminates the treble damage penalty. King contends that the offer made to Hales on July 3, 1985, and the offer of judgment made on August 5, 1985, satisfy this requirement, constituting full and complete tender of the actual wages owed. To the contrary, Hales asserts that his cause of action for treble damages accrued when his complaint was filed, and after he had made a reasonable demand for his wages.

In *Goff v. H.J.H. Co.*, 95 Idaho 837, 839–40, 521 P.2d 661, 663–64 (1974) the Idaho Supreme Court expressed the underlying policy behind I.C. § 45–615(4):

[f]urthermore, legislative intent and public policy support this requirement that treble damages be allowed where unpaid wages are due and owing.... The average wage earner depends greatly on the regular receipt of earned wages. If unpaid, serious economic injury may result to the wage earner. The legislature also has recognized that the wage earner would not be fully compensated if he were allowed merely to recover his withheld wages because of the costs of attorney's fees and suit. Although attorney's fees are authorized by statute, they can not be awarded unless the wage earner recovers all that he claims. Therefore, in many cases there is a need for additional compensation. Thus, although the award of treble damages does tend to penalize the employer, it also serves to fully compensate the wage earning employee for the injury caused him by the delay he experiences in recovering his withheld wages in a court of law and the expenses connected with the recovery.

While the reason for an employee's right to treble damages is clear, the statute is silent as to when the remedy accrues. The effect of this omission was manifested in the decisions of the courts below. Although the magistrate found King liable for treble damages for failing to make a pre-complaint offer of wages, the district court, on appeal, held that King's liability was based upon the unreasonable length of time between Hales' demand for wages and King's offer of judgment. Nothing in our previous opinions, nor the opinions of the Idaho Supreme Court points to when the right to treble damages attaches. However, there are three evident reasons why an employee should be entitled to the treble damage penalty upon filing an action for unpaid wages.

First, the statute suggests prompt payment. I.C. § 45–615(4) states treble damages *shall* be awarded upon a successful

---

**2.** I.C. § 45–615(4) provides:

Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the director in his behalf, shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.

judgment for the plaintiff. There is no qualification that the penalty should be paid only upon a showing of fault by the employer, or that the employer may escape the penalty by tendering wages within a "reasonable" time. In effect, the statute imposes absolute liability on the employer once a court finds wages are due and owing. To the contrary, King argues that allowing an employer to tender unpaid wages after the complaint is filed, but within a reasonable time, would provide for a more equitable application of I.C. § 45–615(4). However, we believe this interpretation would frustrate the purpose of the statute—to compensate terminated employees as soon as possible. *See Goff v. H.J.H. Co., supra.* Permitting a post-complaint tender of wages, even within a reasonable period of time, would simply prolong the time between an employee's termination and when he or she is paid.

Second, imposing the treble damage penalty at the time a wage action is filed is supported by the decisions of this Court and the Idaho Supreme Court. In *Goff, supra,* the Idaho Supreme Court held that whenever unpaid wages are *due and owing, treble damages shall be awarded. Goff v. H.J.H. Co.,* 95 Idaho at 840, 521 P.2d at 664. In *Goff,* the employer withheld sales commissions from the employee, but the employee made no pre-complaint demand for wages owed. Nevertheless, the Court held that an employer need not act with malice, wantoness, or fraud in withholding an employee's wages in order to be subject to the penalty; all that is required is that the employee's wages be withheld. *Id.*

However, in *Gano v. Air Idaho, Inc.,* 99 Idaho 720, 587 P.2d 1255 (1978), the Idaho Supreme Court held that an employee's right to treble damages under I.C. § 45–615(4) is barred when the employer tenders wages before the employee files a complaint. In *Gano,* the employer had offered to pay its employees the full amount of wages due and owing to them *at the time of their resignation.* The employees rejected the tender. The Court held that the penalties of the statute stopped running when the tender was made. *Id.* Implicit in the Court's decision was the notion that the tender must be made prior to the time the employees had commenced their action against the employer. Allowing the employer to withhold payment past this point is contrary to the wage law's purpose.

The policy suggested in *Gano* is substantiated by later decisions. In *Smith v. Idaho Peterbilt, Inc.,* 106 Idaho 846, 683 P.2d 882 (Ct.App.1984), the employee filed a complaint pursuant to I.C. § 45–615(4), claiming unpaid commissions upon his termination. In defense, the employer argued that it was excused from making a pre-complaint tender to pay the plaintiffs' commissions because, in all likelihood, the tender would not have been accepted by the employee. However, in our decision, we clarified the Supreme Court's opinion in *Goff,* and concluded that liability for the penalty is not dependent upon a finding that the employer *wrongfully* withheld wages. *Id.* at 850, 683 P.2d at 886. Rather, we determined that liability is based upon whether the employer owes the employee wages, and, if so, how much. *Id.* at 849, 683 P.2d at 885. We stated that the subjective belief of the employer regarding the employee's predisposition about accepting or rejecting the offer gives the employer no protection from the statute. *Id.* at 850, 683 P.2d at 886. The employer must either tender the full amount of wages due, or where there is legitimate dispute, an unconditional partial tender of the amount not in question. *Id.* We said that "[o]nly if the tender is made in fact and rejected will the employer be protected from the invocation of the penalty statute." *Id.*

Further, in *Gilbert v. Moore,* 108 Idaho 165, 697 P.2d 1179 (1985), the Idaho Supreme Court held that an employee's cause of action for treble damages *accrued* when he knew he would not be compensated for unpaid work. In *Gilbert* the employer was found liable for treble damages for failing to tender a payment of unpaid wages to the employee prior to the employee commencing an action for recovery of the wages due.

In contrast, King asserts that both *Gano* and *Smith, supra,* limit the applicability of the treble damages penalty to situations where the employer has not made a tender of the full amount of wages before judgment. However, nothing in those cases supports that position. In *Gano,* the employer's tender of an offer of the full amount of wages prior to the employees filing their complaint eliminated the treble damages penalty. In *Smith,* the employer's failure to tender a complete offer of wages prior to initiation of the employee's suit rendered it liable under the statute. Neither case declared that pre-judgment tender of wages eliminates the statutory penalty. Although the effect of post-complaint tenders were not discussed, and therefore not ruled out, it is not logical to assume that they were validated in either decision.

The holdings in *Goff, Gano, Smith,* and *Gilbert,* support the proposition that a pre-complaint offer of wages to employees must take the form of an actual tender in order to escape liability by the employer for the treble damage penalty of I.C. § 45–615(4). The terminating employee has a cause of action when his withheld wages are due and owing. *See Goff v. H.J.H. Co., supra.* This right accrues when the employee knows he will not be compensated. *Gilbert v. Moore, supra.* The employer is not protected where he fails to make an offer, believing the offer will be rejected because the claim is in dispute. *See Smith v. Idaho Peterbilt, Inc., supra.* The treble damage penalty may be eliminated only upon tender of an unconditional offer before the complaint is filed. *See Id.; see also Gano v. Air Idaho, Inc., supra.*

The third basis supporting an employee's right to treble damages upon filing a complaint for unpaid wages is inherent in the nature of the wage law itself. Allowing an employer to withhold wages due an employee until the employee obtained a successful judgment would contradict the wage law's purpose, namely, to insure prompt payment of wages to terminated employees. In defense, King argues that permitting terminated employees the right to demand wages and be paid without the employer having a right to contest the employees' claims places a heavy burden on the employer, and is not the intent of the wage law. We are unpersuaded by this argument. Wage laws are intended to protect the rights of wage earners. *See Goff v. H.J.H. Co., supra.* King's interpretation would impose an undue burden on wage earners, forcing them to adjudicate their claims in order to secure back wages, or worse, requiring them to compromise those claims in order to obtain some measure of the wages owed to them. Final resolution of these claims could, as here, take years, and clearly defeat the purpose of the wage law.

Finally, King asserts that the legislature never intended the wage law to penalize an employer for failure to pay an unjust debt or preclude the right of an employer to interpose valid counterclaims against an ex-employee. *See, e.g., Olson v. Idora Hill Mining Co.,* 28 Idaho 504, 155 P. 291 (1916), *error dismissed Idora Hill Mining Co. v. Olson,* 245 U.S. 640, 38 S.Ct. 191, 62 L.Ed. 526 (1918); *Goodell v. Pope–Shenon Mining Co.,* 36, Idaho 427, 212 P. 342 (1922). King's point is well taken. However, these concerns must be held subordinate to the statute's primary purpose— prompt payment of wages. The proper place for adjudicating King's counterclaims, if any exist, is in related civil proceedings.

In the present case, Hales' right to wages accrued upon his resignation of employment with King on May 27, 1985. He was entitled to receive his wages by the next scheduled pay period, presumably the end of the month. Approximately one month later, after receiving neither his wages nor any explanation as to when he would be paid, Hales made demand for his money. He gave King ten days to respond to his demand, and warned King of the consequences of failure to pay the wages due. King still did not respond. On the eleventh day, Hales sued. Hales' cause of action for treble damages accrued at that time. Neither King's letter of July 3, 1985,

nor the offer of judgment on August 5, 1985, can eliminate the statutory penalty once Hales' cause of action ripened. We therefore hold that since King made no pre-complaint tender of wages, Hales' right to recover treble damages was fixed upon the filing of his complaint.

### Voluntary Termination

King next asserts that Hales may not elect the treble damage remedy of I.C. § 45–615(4) because he voluntarily quit his employment. King argues that I.C. § 45–615(4) merely provides additional penalties to those prescribed for discharged employees under I.C. § 45–606. Therefore, he submits, I.C. § 45–615(4) is not applicable to situations where an employee voluntarily terminates his or her employment.

We disagree. As we noted earlier, I.C. § 45–606 and I.C. § 45–615(4) are intended as alternative, rather than cumulative remedies. *Lawless v. Davis, supra.* I.C. § 45–615(4) "stands on its own" as a remedy for employees whose wages have been withheld upon termination of their employment. Because of the exclusive nature of I.C. § 45–615(4), it may be utilized in situations where an employee voluntarily terminates his or her employment, even though I.C. § 45–606 is applicable only in situations where an employee is discharged. This interpretation is bolstered by the decisions of this Court and the Idaho Supreme Court. For instance, in *Gano, supra,* the Idaho Supreme Court held that the employees, who had voluntarily quit their jobs, were not entitled to the treble damage penalty because they had refused to accept a pre-complaint offer of wages. The Court's decision implies that had there been no pre-complaint offer, the employees would have been entitled to recover the treble damage penalty. The Idaho Supreme Court recently confirmed this position in *Schoonover v. Bonner County,* 113 Idaho 916, 750 P.2d 95 (1988). There the Court held that a deputy sheriff was entitled to the treble damage penalty upon voluntary resignation from his employment. Similarly, we have addressed this issue in *Neal v. Idaho Forest Industries, Inc.,* 107 Idaho 681, 691 P.2d 1296 (Ct.App.1984). We held that an employee, who left his employment because the employer was going out of business, could recover treble damages for withheld bonus pay.

King, on the other hand, asserts contrary authority, citing *Marrs v. Oregon Shortline R.R. Co.,* 33 Idaho 785, 198 P. 468 (1921); *Goodell v. Pope–Shenon Mining Co., supra;* and *Lawless v. Davis, supra.* However, these cases dealt with the penalty imposed under I.C. § 45–606 and its forerunner, C.S. § 7381, denying damages to employees who had voluntarily quit their employment. As previously discussed, I.C. § 45–606 is inapplicable to employees who seek damages under I.C. § 45–615(4).

Finally, we must look at the underlying policy advanced by King's argument. King contends that only "discharged" employees may take advantage of the wage law. Under King's theory, employees who voluntarily terminate their employment, or those who are "forced out" of their jobs by threats of firing, loss of position, or demotion, must limit themselves to other remedies for withheld wages. We believe such a policy would leave a large class of wage earners without protection from employers who withhold wages upon termination of the wage earner's employment. This policy is contrary to the purpose of I.C. § 45–615(4). *See Goff v. H.J.H. Co., supra; Smith v. Idaho Peterbilt, Inc., supra.* Therefore we hold that any employee, who for any reason has terminated his or her employment, and who has had wages withheld, may utilize I.C. § 45–615(4) as a remedy.

### Attorney Fees on Appeal

Hales claims entitlement to attorney fees on appeal pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1). No entitlement exists under I.C. § 45–605 because the wages awarded were less than the amount demanded. We will not award attorney fees when the losing party brings an appeal in good faith, and where a genuine issue of law was presented; attorney fees will be awarded only when we are left with the abiding belief that the appeal was

923

brought, pursued, or defended frivolously, unreasonably or without foundation. *See* I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Bischoff v. Quong–Watkins Properties*, 113 Idaho 826, 748 P.2d 410 (Ct.App. 1987).

Here, King raised a genuine issue of law concerning the applicability of the treble damage penalty. Even though King's arguments are unpersuasive, the appeal does not appear to be frivolous. We therefore decline to award attorney fees to Hales.

*Conclusion*

The decision and order of the district court, upholding the award of treble damages by the magistrate, is affirmed. Costs to respondent, Hales.

BURNETT and SWANSTROM, JJ., concur.