791 P.2d 1323

**Marlin De WITT, Don Geis, and Beverly Wilson, Plaintiffs–Appellants,**

v.

**Gary MEDLEY, Defendant–Respondent.**

No. 18101.

Court of Appeals of Idaho.

April 11, 1990.

Petition for Review Denied June 20, 1990.

William H. Foster, Grangeville, for plaintiffs-appellants.

Nicholas Chenoweth, Orofino, for defendant-respondent.

## WALTERS, Chief Judge.

This case involves interpretation of the forerunner to Idaho's Wage and Hour Law, I.C. §§ 45–601 to –617, formerly called the Idaho Claims for Wages Statutes.[1] Two issues are presented on appeal: (1) whether the thirty-day wage penalty contemplated in I.C. § 45–606 [2] applies to employees who are paid for piece work; and (2) whether a party who successfully obtains a judgment under the Wage and Hour Law may be entitled to prejudgment interest. In this case, a magistrate found that the appellants were entitled to neither form of relief. On appeal, the district court affirmed the magistrate's order. We affirm in part, reverse in part, and remand this case for further proceedings.

The essential facts of this case are as follows. The appellants, Marlin De Witt, Don Geis and Beverly Wilson, were hired in 1986 by the respondent, Gary Medley, to work on a logging operation on private land near Whitebird, Idaho. De Witt and Geis were hired as "skidder" operators to transport logs from the woods to "landings" where they could be loaded onto trucks and transported to local logging mills. Wilson was hired as a "sawyer" to limb and cut the logs into appropriate lengths at the landings. All three employees were paid according to the volume of wood delivered to the purchasing lumber mill. This volume was measured in thousands of board-feet. De Witt and Geis, working together, were paid $5.00 per thousand board-feet of logs delivered to the mills. Wilson was paid $3.00 per thousand board-feet. De Witt and Geis had an average daily income of $144.94, while Wilson received an average daily income of $123.26.

Due to the quality of the logs hauled to the purchasing mill, the mill reduced its payment to the owner of the timber. The owner deducted a corresponding amount from its payments to Medley. In turn, Medley deducted a portion of his loss from the wages paid to his employees. When the appellants received their pay checks in November, 1986, De Witt and Geis found that each of them had been paid $87.63 less than the amount owed had there been no deduction. Wilson received a correspond-

---

**1.** Unless indicated otherwise, the statutes cited in the text of this opinion refer to those applicable before adoption of the 1989 amendments to the Wage and Hour Law. *See* 1989 Idaho Sess. Laws, ch. 280, §§ 1–18, pp. 677–84. Reference to the revised or redesignated statutes will occur in footnotes accompanying the text.

**2.** Current I.C. §§ 45–606, –607.

ing reduction of $105.16 in her paycheck. After complaining about these reductions, the appellants terminated their employment with Medley.

In February, 1987, the appellants filed this lawsuit to recover their unpaid wages together with a thirty-day wage penalty pursuant to I.C. § 45–606.[3] After conducting a non-jury trial, the magistrate found that the appellants' employment agreement with Medley did not allow reductions of wages for mill defects. Consequently, the magistrate concluded that Medley had failed to pay all wages due in the appellants' November paychecks. However, the magistrate declined to award the appellants the thirty-day penalty under I.C. § 45–606. The magistrate based his conclusion on the fact that the thirty-day penalty applies only to individuals who are employed on an hourly, daily, weekly or monthly salary basis. Instead, the magistrate awarded the appellants the treble damage penalty pursuant to I.C. § 45–615(4).[4] Because the award under the treble damage provision resulted in a lesser recovery than they sought under the thirty-day penalty, the appellants filed a motion to reconsider the magistrate's order, asking additionally for prejudgment interest on the unpaid wages and penalty. The magistrate denied the motion. On appeal, the district court af-

firmed the magistrate's order. This appeal followed.

■■■ On appeal from an order of the district court reviewing a magistrate's findings and conclusions, we examine the record of the trial court independent of, but with due regard for, the district court's intermediate appellate decision. *Cole v. Kunzler*, 115 Idaho 552, 768 P.2d 815 (Ct. App.1989). Findings of fact made by a trial court will not be set aside on appeal if they are supported by substantial and competent, although conflicting, evidence. *Shurtliff v. Shurtliff*, 112 Idaho 1031, 739 P.2d 330 (1987). As to questions of law, we will exercise free review. Based upon our review of the magistrate's findings and conclusions, we will affirm or reverse the district court's appellate decision accordingly. *Matter of Estate of Bradley*, 107 Idaho 860, 693 P.2d 1062 (Ct.App.1984).

■■■ The appellants first contend that the magistrate erred by awarding them the treble damage penalty contained in I.C. § 45–615(4), rather than the thirty-day penalty contemplated in I.C. § 45–606. The magistrate held that employees who are paid for piece work or commissions are covered only by the treble damage penalty under I.C. § 45–615(4).[5] The appellants contend that nothing in the legislative his-

---

3. At the time this action commenced, I.C. § 45–606 stated:

Whenever any employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash, lawful money of the United States, or its equivalent, or shall fail or refuse on demand to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor: provided, however, he shall cease to draw such wages or salary thirty (30) days after the default.

4. Idaho Code § 45–615(4) states:

Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs

reasonably incurred in connection with the proceedings and the plaintiff, or the director [of the Department of Labor and Industrial Services] in his behalf, shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing.

This statute was also amended and redesignated in 1989 as I.C. § 45–617(4).

5. According to I.C. § 45–609(3) (currently I.C. § 45–601(4)), "wages" include compensation for labor or services rendered by the employee on a "piece or commission basis." The magistrate concluded that, because this definition was amended to the Claims for Wages Statutes at the same time as I.C. § 45–615 (*see* 1967 Idaho Sess.Laws, ch. 436, §§ 1–7, pp. 1469–72), any employee paid for piece work, such as the appellants in this case, can only elect to recover the treble damage penalty.

tory of the Wage and Hour Law—nor in the opinions of this Court or the Idaho Supreme Court interpreting that law—suggests that employees who are paid for piece work or on a commission basis should be denied the thirty-day penalty. The appellants also contend that denying them this remedy violates their equal protection guarantees under the law. U.S. Const. amend. XIV; Idaho Const., art. 1, § 2.

 The purpose of the Wage and Hour Law is to insure that employees receive compensation due to them upon termination of their employment. *Hales v. King*, 114 Idaho 916, 762 P.2d 829 (Ct.App. 1988) (review denied). Under this law, an employee whose wages are not fully paid upon termination is entitled to alternative remedies. *Lawless v. Davis*, 98 Idaho 175, 560 P.2d 497 (1977). As stated, one remedy is to recover damages for a thirty-day period after the date of termination from employment. I.C. § 45–606. The other remedy is to recover, as damages, treble the amount of wages found due and owing. I.C. § 45–615(4). These remedies are mutually exclusive. *Lawless v. Davis, supra.* Generally, a party seeking relief under the Wage and Hour Law has the freedom to choose either remedy. *See Hales v. King,* 114 Idaho at 919, 762 P.2d at 832. However, by definition, I.C. § 45–606 applies only in situations where an "employer of labor shall hereafter discharge or lay off his or its employees...." In *Hales v. King, supra,* we discussed this limitation with regard to employees who voluntarily terminate their employment. We said:

> As noted earlier, I.C. § 45–606 and I.C. § 45–615(4) are intended as alternative, rather than cumulative remedies. *Lawless v. Davis, supra.* I.C. § 45–615(4) "stands on its own" as a remedy for employees whose wages have been withheld upon termination of their employment. Because of the exclusive nature of I.C. § 45–615(4), it may be utilized in situations where an employee voluntarily terminates his or her employment, even though I.C. § 45–606 *is applicable only in situations where an employee is discharged.* [Emphasis added.]

*Id.* at 922, 762 P.2d at 835. Permitting the appellants in this case to recover the thirty-day penalty would disregard the express language of the statute. Based on this reasoning, we conclude that the appellants are not entitled to the thirty-day penalty contemplated in I.C. § 45–606.

 Furthermore, we conclude that the appellants' equal protection rights are not violated by denying them the thirty-day wage penalty. The equal protection clauses of the state and federal constitutions provide that all persons in like circumstances receive the same burdens and benefits of the law. *State v. Breed*, 111 Idaho 497, 725 P.2d 202 (Ct.App.1986). An equal protection analysis focuses upon classifications within statutory schemes that allocate benefits or burdens differently. *State v. Reed*, 107 Idaho 162, 686 P.2d 842 (Ct.App. 1984). That analysis requires three steps: first, identification of the classification under attack; second, articulation of the standard under which the classification is tested; and third, a determination of whether the standard has been satisfied. *State v. Breed, supra.* Because this analysis involves solely questions of law, we exercise free review. *Id.*

In the present case, the appellants contend that they are denied equal protection under the former statutes because—as employees who are paid for piece work—they are limited to seeking the treble damage penalty for unpaid wages, while employees who are paid otherwise may choose either the treble damage or thirty-day penalty provisions. However, based upon the facts before us, we think the distinction to be drawn from the Wage and Hour Law and tested in this case is one between employees who are terminated or laid-off by the employer, and those—like the appellants—who voluntarily terminate their employment. In this respect, the appellants contend—implicitly—that the former statutes are "under-inclusive" because they deprive them of the full range of remedies contem-

plated under the law. *See State v. Cantrell,* 94 Idaho 653, 496 P.2d 276 (1972).

■ When reviewing an equal protection claim based upon a classification contained in social or economic legislation, where—as here—no "suspect" class or "fundamental" right is involved, our task is to determine whether the statutory scheme of the law is "rationally related" to a legitimate government objective. *See State v. Breed, supra.* In our view, the penalty provisions of the Wage and Hour Law are rationally related to the state's overall interest in protecting wage earners. As stated, the objective of the Wage and Hour Law is to insure that employees receive compensation due them upon termination of their employment. The penalty provisions of the Law serve as a means to compensate an employee for the time and expense of securing unpaid wages, and to encourage employers to tender those wages before the employee has to resort to the courts to secure payment. *See Hales v. King, supra.* The legislature's decision to provide alternative penalty provisions—dependent upon the status or reason for the employee's termination does not abridge any employee's right to recover unpaid wages. To the contrary, adoption of the treble damage penalty appears to be in response to omission of any mention of voluntarily terminated employees in the original penalty provision of the Law. The legislature's attempt at rectifying this problem—even though it created an under-inclusive classification—is justified based upon the need to provide a remedy for this class of employees.[6] *See State v. Cantrell,* 94 Idaho at 656, 496 P.2d at 279 (acceptance of under-inclusive classification is justified when legislature must resolve part of a problem). Although in this case the thirty-day penalty would have been more advantageous than ·the treble damage provision, one can envision an op-

posite comparison on different facts. The classification does not disfavor voluntarily terminated employees in all instances. We therefore affirm the magistrate's denial of damages under the thirty-day wage penalty, and subsequent award of treble damages.

■ Next, the appellants assert that the magistrate erred in failing to award them prejudgment interest on the amount of their unpaid wages and the amount of the penalty. In *Whitlock v. Haney Seed Co.,* 114 Idaho 628, 759 P.2d 919 (Ct.App. 1988), we discussed an assertion by a claimant for prejudgment interest on the amount of withheld vacation pay and the amount of the treble damage penalty under I.C. § 45–615(4). We said:

> Prejudgment interest is provided by statute in the absence of an express contract fixing a particular rate. *See* I.C. § 28–22–104. Such statutory interest accrues only upon sums "due." Here, although the vacation pay was earned— and therefore was "due"—when Whitlock was discharged, the additional amount produced by trebling became "due" only when judgment was entered. Accordingly, with respect to the vacation pay, Whitlock is entitled to prejudgment interest only on the untrebled portion.

*Id.* at 635, 759 P.2d at 926.

In the present situation, the magistrate found that Medley and the appellants had entered into an express contract with regard to the appellants' employment. Under I.C. § 28–22–104(1), the appellants should have been awarded prejudgment interest on the unpaid wages, but not on the treble damage penalty. We therefore hold that the appellants' motion for reconsideration should have been granted in this regard. *See McGill v. Lester,* 108 Idaho 561, 700 P.2d 964 (Ct.App.1985) (review denied).

6. We note that since the 1989 amendments to the Wage and Hour Law, employees who voluntarily terminate their employment may elect to recover the thirty-day wage penalty. Idaho Code § 45–606 now reads that "[u]pon layoff, or upon termination of employment by either the employer or employee...." the aggrieved employee is entitled to the thirty-day wage penalty. However, in this case the appellants' action was commenced before the effective date of this amendment.

We therefore reverse the district court's decision upholding the magistrate's denial of prejudgment interest and remand this case to the magistrate division to enter an order awarding the appellants prejudgment interest on the amount of their unpaid wages.

In all other respects, the judgment is affirmed. No costs or attorney fees are awarded on appeal.

BURNETT, J., and GOFF, J. Pro Tem., concur.