809 P.2d 511

**Timothy KALAC, Plaintiff–Appellant,**

**v.**

**CANYON COUNTY, a political subdivision of the State of Idaho; Joyce Chase, Carlos Bledsoe and Glenn Koch, Defendants–Respondents.**

No. 18237.

Court of Appeals of Idaho.

July 18, 1990.

Rehearing Denied March 7, 1991.

Petition for Review Denied
May 10, 1991.

John L. Gannon, Boise, for plaintiff-appellant.

Richard L. Harris, Pros. Atty., Charles L. Saari, Deputy Pros. Atty. (argued), Caldwell, for defendants-respondents.

SWANSTROM, Judge.

This case involves a dispute over a wage claim penalty. Timothy Kalac appeals

from the district court's award of summary judgment in favor of his former employer, Canyon County. The sole issue on appeal is whether Kalac is entitled to receive thirty days' wages under former I.C. § 45–606. For reasons explained below, we reverse the summary judgment and remand this case to the district court for proceedings consistent with this opinion. The standards applicable to summary judgment motions are set forth in *Anderson v. Farm Bureau Mutual Insurance Co. of Idaho*, 112 Idaho 461, 464, 732 P.2d 699, 702 (Ct. App.1987), and need not be repeated here. The facts set forth in the district court's order are not disputed; they are as follows:

Kalac was employed as a deputy sheriff for Canyon County. On September 14, 1988, Kalac made a written demand for restoration of all accumulated personal leave, in excess of 400 hours. The 400–hour limit was set by a long-standing personnel policy of Canyon County allowing employees only 400 hours of accumulated personal leave in any one year. Kalac's request was denied by the Canyon County Sheriff. Kalac made two other written requests for additional compensation. On October 12, 1988, Kalac made a demand for a four percent salary increase as a result of obtaining an intermediate certificate from the P.O.S.T. Academy. Kalac claimed that the four percent salary increase should be effective as of October 1, 1988. Finally, Kalac sought an additional five percent salary increase based upon the Board of County Commissioners' prior action of granting a five percent salary increase to all Canyon County employees except Kalac and four other deputy sheriffs. Kalac contended that the five percent salary increase also should be effective October 1, 1988. These percentage salary increase requests were also rejected by the Canyon County Sheriff.

About December 1, 1988, Kalac was fired by the Canyon County Sheriff. At that time, Kalac made a final request for all monies due and owing to him under his contract of employment. In response, Can-yon County paid Kalac $2,304.21 representing the amount of money which Canyon County believed was due and owing to Kalac at the time he was discharged. However, this payment did not include any compensation for personal leave accumulated in excess of 400 hours of the four and five percent salary increases Kalac had requested. Canyon County continued to assert that Kalac was not entitled to the salary adjustments.

Pursuant to the Canyon County Personnel Manual, a hearing officer was appointed to examine the wage dispute between Canyon County and Kalac. The grievance hearing was completed on December 2, 1988. On December 16, the hearing officer verbally announced his findings which included a determination that Kalac was entitled to the four and five percent salary increases retroactive to October 1, 1988, and that Kalac was entitled to compensation for the personal leave which he claimed. On this same day, the Canyon County Prosecutor publicly announced he would recommend that the Board of Commissioners adopt the hearing officer's findings of fact and conclusions of law. The hearing officer's written findings were released on January 10, 1989, and the findings were accepted by the sheriff on January 20. On January 27, the written findings were approved by the Board of County Commissioners.

On February 3, a check in the amount of $939.28 was tendered to Kalac in settlement of all grievances. However, Kalac refused to cash the check. Instead, on March 1, Kalac filed a complaint seeking to recover a thirty-day wage claim penalty pursuant to the Idaho wage claim statutes. Kalac contended that the failure to tender the disputed wages until February 3 entitled him to the penalty allowed by former I.C. § 45–606.[1] At the hearing on the motion, the district court held that Kalac was entitled to the disputed wages, but that the thirty-day wage claim penalty was not applicable. This appeal followed.

---

1. Effective July 1, 1989, I.C. § 45–606 was repealed. In its place, the Legislature enacted a new I.C. § 45–606 which provides time limits for the payment of wages to employees. This case is governed by the prior law.

■ Kalac contends that the district court relied upon the wrong legal standard in determining that he was not entitled to the thirty-day wage claim penalty under I.C. § 45–606. Kalac points to the language in the district court's opinion to support this position. The opinion states that the thirty-day penalty provided in I.C. § 45–606 applies only to the payment of wages "concededly due" to the employee at the time his employment was terminated. In contrast, Kalac argues that the penalty applies after the wages became "due from the employer." Kalac relies upon the following language of I.C. § 45–606:

(1) Whenever any employer of labor shall hereafter discharge or lay off his or its employees without first paying them *the amount of any wages or salary then due them,* ... or (2) shall fail or refuse on demand to pay them ... *the amount of any wages or salary at the time the same becomes due and owing to them* under their contract of employment ... each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor: provided, however, he shall cease to draw such wages or salary thirty (30) days after such default. [Emphasis added.]

We believe Kalac's argument has merit. Nowhere does the statute mention the words "concededly due" to the employee. These words would imply that the employer need only pay the employee, upon termination of employment, those wages which the employer believes are undisputedly due to the employee for services rendered. We recognize that the Legislature has recently made comprehensive changes in Idaho's wage claim statutes. *See* 1989 Idaho Sess. Laws, ch. 280 at 677–684 (effective July 1, 1989). In particular, I.C. § 45–611 refers to wages that are in dispute. This section requires that, if the employer and the employee dispute wages, the employer—in order to avoid penalties for late payment—must still pay to the employee all wages "conceded by the employer to be due." We believe, however, that the language of former I.C. § 45–606 does not permit the interpretation made by the district judge.

Former I.C. § 45–606 sets forth two separate situations where recovery is allowed. *Marrs v. Oregon Short Line R.R. Co.,* 33 Idaho 785, 198 P. 468 (1921) (construing a predecessor statute identical to I.C. § 45–606). Under the first alternative, wages or salary are due an employee at the time the employer discharges or lays off that employee. In the second alternative, the employee need not be discharged or laid off by their employer. The employee simply has to make a demand for wages or salary due and owing to him under his contract of employment. *Id.* In this case, Kalac met the requirements of I.C. § 45–606. Kalac was discharged by his employer and he made a timely demand for wages due and owing to him under his contract of employment. Therefore, Kalac was entitled to recover a wage claim penalty if his employer refused to pay him wages due upon termination of his employment.

■ We now must determine the meaning of the words "wages or salary then due an employee," as set forth in I.C. § 45–606. Canyon County argues that Kalac's wages did not become due and owing until the completion of the grievance procedure. In contrast, Kalac contends the additional wages were due on or before December 1, 1988, the date of his discharge, because the hearing officer determined he was entitled to the salary increases as of October 1, 1988.

We believe that Kalac's argument is persuasive. It would be unreasonable to conclude an employee's wages do not become due until after he has completed the employer's grievance proceedings. Such an interpretation of I.C. § 45–606 would compromise the purpose of the Idaho wage claim statutes—to compensate terminated employees as soon as possible. *Hales v. King,* 114 Idaho 916, 762 P.2d 829 (Ct.App. 1988) (review denied). In *Marrs v. Oregon Short Line R.R. Co., supra,* the Idaho Supreme Court made the following observation about the purpose of the predeces-

sor statute to I.C. § 45–606. "The statute we are considering is designed for the protection of laborers and mechanics and to prevent the necessity of their being delayed in the collection of wages due upon ceasing their employment and the consequent loss of time while awaiting settlement for services rendered." *Marrs*, 33 Idaho at 789–90, 198 P. at 472–73.

In *Marrs*, the Court considered whether the thirty-day wage claim penalty provided by the statute preceding I.C. § 45–606, applies when an employee voluntarily quits his job and requests wages in excess of the amount which is due from the employer. The Idaho Supreme Court upheld the penalty based on the second alternative provided by I.C. § 45–606. The Court stated that the "[statute] provides that upon failure of an employer on demand to pay any wages or salary due to his employee under a contract of employment, he shall be liable as therein provided. The liability arises not from a failure to pay the amount *demanded*, but from failure to pay any wages or salary *due* upon demand." *Marrs* at 790, 198 P. at 473 (emphasis added).

Here, Kalac was entitled to the four and five percent salary increases effective October 1, 1988. Therefore, for purposes of the wage claim penalty, the wages accrued and became due and owing to Kalac between this date and the date of his discharge. Because Kalac satisfied the requirements of I.C. § 45–606, he was entitled to the thirty-day wage claim penalty without rendering further services to the employer. Kalac could collect wages in the sum agreed upon in the contract of employment for each day after December 1, 1988, his employer was in default until he is paid in full; however, the penalty could not exceed thirty days' wages.[2] I.C. § 45–606.

■ Kalac also argues that the district court erred when it held that the imposition of a penalty under I.C. § 45–606 would be "unjust" under the circumstances of this case. The district court held that the wage claim penalty was unjust because it believed that the compensation awarded to Kalac was in excess of any amount due and owing to him at the time of his separation from employment. Kalac, on the other hand, contends that this is an improper legal standard to apply to I.C. § 45–606. We agree.

The Legislature never intended the wage claim statutes to penalize an employer for failure to pay an unjust debt. *Hales v. King, supra.* However, this concern must yield to the statute's primary purpose—the prompt payment of wages. *Id.* We have held that a showing the employer "wrongfully" withheld the wages is not required. *E.g., Smith v. Idaho Peterbilt, Inc.,* 106 Idaho 846, 683 P.2d 882 (Ct.App.1984) (construing I.C. § 45–615 allowing treble damages for failure to pay wages when due). Nor is it necessary to show "bad faith" on the part of the employer. *Sage v. Richtron, Inc.,* 108 Idaho 837, 702 P.2d 875 (Ct.App.1985). Thus, the only relevant inquiry is whether the employer actually owes the employee wages upon separation from employment. *Hales v. King, supra.* Accordingly, we hold that the district court erred when it applied an "unjust" standard to I.C. § 45–606.

We provide the following guidance on remand. In calculating the wage claim penalty, the district court should determine Kalac's daily base wage rate at the time he was terminated. To this amount, the four and five percent salary increase adjustments which became effective on October 1, 1988, should be added. The combined total of these figures represents the adjusted daily wage rate for purposes of computing the thirty-day wage claim penalty provided by I.C. § 45–606.

The district court's award of summary judgment in favor of Canyon County is reversed. Case remanded for proceedings

---

**2.** Because the thirty-day wage claim period began to run no later than December 1, 1988, we need not address the effect of the February 3, 1989 tender on the wage claim penalty. However, it should be noted that the Idaho Supreme Court has stated on at least two occasions that the running of the penalty is stopped by the tender of wages due. *Lindsey v. McCatron,* 78 Idaho 211, 299 P.2d 496 (1956); *Robinson v. St. Maries Lumber Co.,* 34 Idaho 707, 204 P. 671 (1921).

consistent with this opinion. Costs award-
ed to Kalac. No attorney fees requested
on appeal.

BURNETT, J., and CAREY, J. Pro
Tem., concur.